## CHASE *v.* WETZLAR, EXECUTOR.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 1045. Submitted April 22, 1912.—Decided May 27, 1912.

Where the jurisdiction of the Circuit Court is dependent, under § 8 of the act of 1875, upon property affected being within the jurisdiction, the defendants not being therein, the fact that the bill was dismissed because complainants failed to prove the existence of any property within the jurisdiction does not affect the right of a direct appeal to this court under § 5 of the act of 1891.

The burden of proof as to the existence of property to be affected by the decree within the jurisdiction of the Circuit Court in order to give it jurisdiction under § 8 of the act of March 3, 1875, c. 137, 18 Stat. 472, is on the complainant.

While averments of some jurisdictional facts may *prima facie* be taken as true where the questions do not address themselves to want of all foundation of jurisdiction, and in such cases the burden is on the one assailing sufficiency or verity, the burden of proving an averment of a fact absolutely necessary to the exertion of the power of the court to render a binding decree is on the party pleading.

The jurisdiction conferred by § 8 of the act of 1875 rests upon a real and not an imaginary or constructive basis.

The Circuit Court does not have jurisdiction of a suit against an absent executor in the State where the will was probated, unless the property to be affected by the decree is actually within the jurisdiction of the court.

The fact that the state court might by virtue of its authority in a particular contingency exert jurisdiction over an absent executor

of a will probated in the courts of that State as to the disposition of property beyond its territorial jurisdiction does not clothe a Circuit Court of the United States with jurisdiction under § 8 of the act of 1875.

THE facts, which involve the jurisdiction of this court under § 5 of the act of 1891 and of the Circuit Court under § 8 of the act of 1875, are stated in the opinion.

*Mr. Charles H. Burr* and *Mr. Frederic W. Frost* for appellant.

*Mr. Howard S. Gans, Mr. Paul M. Herzog* and *Mr. Julius Walerstein* for appellee.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Suing as a citizen of Pennsylvania, Chase, who was complainant below, made defendants to the bill by which this cause was commenced, Emil Wetzlar and William P. Bonn, alleged to be "alien subjects of the Emperor of Germany, residing in Frankfort-on-the-Main, executors of the estate of Gustave J. Wetzlar, deceased." It was averred that the testator, a naturalized citizen of the United States and a resident of the city of New York, died in 1898; that his will was probated on February 1, 1899, in the Surrogate's Court of the county of New York, and that letters testamentary were duly issued to the defendants. It was further averred that by virtue of the fourth paragraph of the will Julius G. Wetzlar, a son of the testator, was entitled on reaching the age of 25 years to receive a sixth part of the principal of the residuary estate; that such share was invested by the defendants, as executors, in railroad bonds, and they "held the said bonds in the city of New York, as executors, subject to the jurisdiction of your Honorable Court" (the Circuit Court). It was further averred that Julius G. Wetzlar

reached the age of twenty-five years on August 23, 1908, at which time the one-sixth part of the entire residuary estate exceeded in value the sum of one hundred thousand dollars; and that about three years theretofore Julius had mortgaged an undivided one-third interest of such share, to secure the payment of a promissory note for five thousand dollars, bearing interest. On default in payment, it was alleged, the interest so mortgaged was sold in February, 1909, at public auction for the sum of three thousand dollars; and Chase, claiming through the purchaser at the sale, became vested on June 20, 1910, with and entitled to the immediate possession of the said one-third of one-sixth of such residuary estate. The defendants, as executors, it was charged, neglected and refused to pay to Chase the share of the estate in question. A copy of the will was attached to the bill as a part thereof. In the will the defendants were stated to be residents of the German Empire, and express power was conferred upon them to remove the trust estate at any time from the State of New York. The specific relief asked was that complainant might be declared entitled to the immediate possession of one-third of one-sixth of the residuary estate of Gustave J. Wetzlar, deceased, and also to payments of income of the said one-third interest from August 23, 1908, "and may pay your orator the said portion of the said share of Julius G. Wetzlar as may be found to have been unlawfully withheld or diverted from him." There was also a prayer for general relief.

To obtain an order for service outside of the district, an affidavit was made in which it was averred that the bill had been filed to determine disputed claims to a fund which the defendants as executors and trustees held within the jurisdiction of the court, and that defendants were alien subjects of the Emperor of Germany and resided within that Empire, and that neither was within the district and neither had voluntarily appeared in the action.

The court, reciting that it appeared "both by the averments contained in the bill . . . and by the affidavit of . . . complainant . . . that the suit was commenced to enforce equitable liens upon, or claims to the title of personal property within this district, and that all of the defendants are not inhabitants thereof," entered an order on October 25, 1910, requiring the defendants on or before a date named to appear, plead, answer or demur to the bill, and that on or before a named date a certified copy of the order and of the bill should be served upon them wherever found. Presumably in consequence of such service having been made upon him at his residence in Germany, Emil Wetzlar, one of the defendants, appearing specially for the sole purpose of challenging the jurisdiction of the court, filed a plea verified by his attorney and moved the dismissal of the cause upon the ground "that no portion of the property of the estate of Gustave J. Wetzlar and no portion of the trust fund of said estate referred to in the bill therein, is now or has been for at least five years prior hereto, within the city, county or State of New York nor within the southern district of New York nor within the United States, but is and has been in Germany in the possession and control of the said Emil Wetzlar there residing." Argument was heard before Circuit Judge Lacombe upon the sufficiency of the plea. It was held to be "sufficient in law and form," and complainant was allowed to file a general replication thereto.

No proceeding for the examination of witnesses out of court having been taken by either party within thirty days after replication, the complainant set the cause down for hearing upon the pleadings, as authorized by court rule 109. The case was heard before Hazel, District Judge. The previous ruling of Judge Lacombe was followed. It was held that the plea was but a negative one, and that the burden was on the complainant to establish the exist-

ence of the essential jurisdictional facts which the plea traversed, and that as no proof had been offered by the complainant, there was an absence of jurisdiction, and the bill was dismissed. This direct appeal was then taken, the assignments of error being as follows:

"First. That the court erred in sustaining the sufficiency of the plea to the bill in the above entitled cause.

"Second. The court erred in dismissing the bill after hearing upon bill, plea and replication.

"Third. The court erred in refusing to maintain jurisdiction of the above entitled cause.

"Fourth. The court erred in dismissing the bill in the above entitled cause for lack of jurisdiction."

The court also filed a certificate to the effect that the bill had been dismissed for want of jurisdiction, and that an appeal was allowed solely to review such question.

At the threshold it is insisted that there is a want of authority to entertain this direct appeal because the bill was dismissed for lack of proof, and not because of the want of power of the Circuit Court as a Federal court. The contention is without merit. *United States* v. *Congress Construction Co.*, 222 U. S. 199. As the defendants were without the territorial jurisdiction of the Circuit Court, its authority was dependent upon the property sought to be affected being within the district, as contemplated by § 8 of the act of March 3, 1875, c. 137, 18 Stat. 470, 472, which authorizes the exertion of jurisdiction as to property of absent defendants. The ruling clearly, therefore, concerned the power of the court as a Federal court—that is, under the statute—to entertain the case under the circumstances presented.

As, in order to dispose of the merits, it becomes essential to fix the meaning of § 8 of the act of 1875 above referred to, the section is excerpted in the margin.[1]

---

[1] Section 8 of act of March 3, 1875, c. 137, 18 Stat. 472:

SEC. 8. That when in any suit, commenced in any circuit court of

All the errors pressed upon our attention will be disposed of by considering two questions, the correctness of the ruling of the court below as to the burden of proof, and whether, under the hypothesis that the court correctly held that the burden was on the complainant,

the United States, to enforce any legal or equitable lien upon, or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of, or found within, the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur, by a day certain to be designated, which order shall be served on such absent defendant or defendants, if practicable, wherever found, and also upon the person or persons in possession or charge of said property, if any there be; or where such personal service upon such absent defendant or defendants is not practicable, such order shall be published in such manner as the court may direct, not less than once a week for six consecutive weeks; and in case such absent defendant shall not appear, plead, answer, or demur within the time so limited, or within some further time, to be allowed by the court, in its discretion, and upon proof of the service or publication of said order, and of the performance of the directions contained in the same, it shall be lawful for the court to entertain jurisdiction, and proceed to the hearing and adjudication of such suit in the same manner as if such absent defendant had been served with process within the said district; but said adjudication shall, as regards said absent defendant or defendants without appearance, affect only the property which shall have been the subject of the suit and under the jurisdiction of the court therein, within such district. And when a part of the said real or personal property against which such proceeding shall be taken shall be within another district, but within the same State, said suit may be brought in either district in said State: *Provided, however,* That any defendant or defendants not actually personally notified as above provided may, at any time within one year after final judgment in any suit mentioned in this section, enter his appearance in said suit in said circuit court, and thereupon the said court shall make an order setting aside the judgment therein, and permitting said defendant or defendants to plead therein on payment by him or them of such costs as the court shall deem just; and thereupon said suit shall be proceeded with to final judgment according to law.

nevertheless error was committed in dismissing the bill in view of the averments therein contained and the admissions made by the plea.

First. *As to the burden of proof.*

On this subject the contention is that although the averment of the bill that the property sought to be affected was within the district was traversed by the plea, nevertheless the defendant was bound to prove the allegations of his plea and hence it was error, in the absence of proof, to dismiss the bill on the assumption that the burden was on the complainant to prove that the case was within the jurisdiction of the court. The theory as to the burden of proof being on the defendant, on which this proposition proceeds, it is insisted, is sanctioned by the following decisions of this court: *Sheppard* v. *Graves* (1852), 14 How. 505; *De Sobry* v. *Nicholson* (1865), 3 Wall. 420; *Wetmore* v. *Rymer* (1898), 169 U. S. 115, and *Hunt* v. *New York Cotton Exchange* (1907), 205 U. S. 322. And a decision of the Circuit Court of Appeals for the Eighth Circuit in *Hill* v. *Walker*, 167 Fed. Rep. 241, is also referred to as containing a full summary of the decided cases on the subject. None of the cases relied upon, however, involved a question of jurisdiction under § 8 of the act of 1875. On the contrary, they all concerned merely the sufficiency or verity of allegations as to the citizenship of parties or the value of the matter in dispute. The cases rested, therefore, upon the proposition that averments concerning such matters were *prima facie* to be taken as true, and hence the burden of proof was cast upon the one assailing the sufficiency or want of verity of such averments. We do not deem it necessary to now consider the conflict of opinion which has sometimes arisen concerning whether the doctrine of the cases relied upon and the fundamental conception upon which those cases rested entirely harmonizes with the provision of the act of 1875 requiring a Federal court of its own motion to dismiss a pending suit

when it is found not to be really within its jurisdiction—
see *Roberts* v. *Lewis*, 144 U. S. 653, and the cases cited in
the dissenting opinion in *Hill* v. *Walker, supra*—because
we think in any view the doctrine is here inapplicable.
We say this because while questions concerning the suffi-
ciency or verity of averments as to citizenship or amount in
dispute assail the jurisdiction of the court they do not
address themselves to the want of all foundation for
judicial action because of an entire absence of elements
which are essential to the existence of any jurisdiction
whatever—that is, the presence of persons or property
within the jurisdiction of the court over which its au-
thority may be exerted. The character of the questions
involved in the cases relied on and the nature of the rule as
to *prima facie* presumption as to the adequacy of aver-
ments concerning such subjects, and the resultant burden
of proof is at once demonstrated by the well-settled rule
that questions of that character do not go to the power of
the court to make a binding decree. *Cutler* v. *Huston*, 158
U. S. 423, 430; *Riverdale Cotton Mills* v. *Alabama & G.
Mfg. Co.*, 198 U. S. 188, 198.

On the other hand, in a case like the one at bar, the
existence of the property within the jurisdiction is essen-
tially necessary to the exertion of the power of the court
to render a binding decree. The statute does not leave
this to implication, since it expressly provides that the
decree to be rendered shall be limited to the property
within the jurisdiction which, therefore, forms the sole
basis of the power to judicially act. The prerequisite
and absolute limitation on power which arises from these
considerations is aptly illustrated by the rule enunciated
in *Thompson* v. *Whitman*, 18 Wall. 457, and *Pennoyer* v.
*Neff*, 95 U. S. 714, and the numerous cases which have
enforced the doctrine there laid down. And this wide
distinction, in the very nature of things, precludes the
possibility of the application here of the *prima facie* pre-

sumption upon which the cases relied upon proceeded and therefore also demonstrates the inapplicability of the theory of burden of proof applied in those cases. In other words, even putting aside for the sake of argument the effect on the doctrines announced in the decisions relied upon of the enactment of the act of 1875 as to the duty to dismiss to which we have referred, the burden of proof to establish that the court was vested with power to act, we think, in a case like this, in the nature of things rested upon the complainant.

Second. *Even although the court rightly applied the burden of proof, did it nevertheless err in dismissing the bill?*

The insistence on this subject is in substance this, that as the plea admitted the probate of the will, the appointment of the executors in New York, and the purchase and possession of the bonds, even although there was no proof that the bonds were actually within the district, the pleadings were adequate to show property within the district, even under the requirements of § 8 of the act of 1875. Asserting that what was sought was a decree establishing "the title" of the complainant to property within the district, counsel argue as follows:

"This narrows the question down to what is meant by property within the district; and it is submitted that for all purposes connected with the administration of an estate, at least that portion of the personal property which was received by the executor within the district is within the meaning of the law within that district. . . . The decree sought is only a determination of the rights of complainant against the estate of Gustave J. Wetzlar, deceased. This estate is, in the eye of the law, within the County of New York, where any and all suits pertaining to the distribution of the estate, and to accounting therefor, must be brought. Respondent cannot, certainly, by setting up an absolutely illegal act (removing the property to Germany), be heard to deny that within the

contemplation of law the estate is for purposes of distribution within the County of New York. . . . The proceeding in this case is a proceeding to enforce an equitable lien upon personal property which is within the intendment of the law *in gremio legis* within this district, and therefore within the jurisdiction of the United States Circuit Court for the Southern District of New York."

It requires no close analysis to sustain the interpretation given by the court below to the statute, viz., that it exclusively deals with property which is within the district where a suit is brought and which property is therefore capable of being made subject to the dominion and resulting control of the court. No other interpretation is in reason possible in view of the terms of the section causing its provisions to come into play only when there is "real or personal property within the district where such suit is brought." The meaning is additionally illustrated by the requirement that the service of the order to appear, etc., must be made not only upon the absent defendant or defendants "wherever found," but also "upon the person or persons in possession or charge of said property," that is, the property within the district and within the dominion of the court which is made the essential foundation for the jurisdiction to be exercised over the property in a case where the court cannot acquire personal jurisdiction because of the absence of the defendant. The meaning of the statute and the limited jurisdiction which it confers is further clearly shown by the provision that an adjudication against an absent defendant or defendants shall "affect only the property which shall have been the subject of the suit and under the jurisdiction of the court therein, within such district."

We think there is no basis for the contention that the section contemplates the exercise of jurisdiction by a Federal court upon the assumption of its control over property when there is no property subject to control within

the jurisdiction. In other words the power conferred rests upon a real not an imaginary base. This being true, we are of opinion that a Federal court has not jurisdiction over a person not within its territorial jurisdiction or over property in the custody of such person not within such territorial jurisdiction, merely because a state court may as to such person and such property, because of some proceeding pending before it, have the authority to treat both the person and property as constructively present and subject to its jurisdiction. The power which a state court may exert in a particular contingency affords no basis for the assumption that the act of Congress extends to a subject which the language of the act does not embrace. Indeed, if because a state court had the power to treat in a given case a person and his property outside of the territorial jurisdiction as constructively within it in order to afford particular relief, a like power must be imputed to a Federal court under the act of Congress it would result that in such a case the act of Congress, would become inapplicable, since there would be no absent defendant, as the person as well as the property would be constructively present.

*Affirmed.*