BLAKE et al. v FOREMAN BROS. BANKING CO. et al.

(District Court, N. D. Illinois, E. D.    January 6, 1914.)

No. 13.

1. COURTS (§ 273*)—JURISDICTION OF FEDERAL COURTS—LOCAL SUITS—"PROPERTY."

Certificates of stock in corporations, properly indorsed and delivered as security to a trustee with power of sale in case of default on the trust agreement, are "property" having a situs at the place of business of the trustee, and under Judicial Code (Act March 3, 1911, c. 231) § 57, 36 Stat. 1102 (Comp. St. 1913, § 1039), a federal court in that district has jurisdiction of a suit to enforce the lien thereon, and may bring in nonresident defendants.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 813; Dec. Dig. § 273.*

For other definitions, see Words and Phrases, First and Second Series, Property.]

2. SALES (§ 85*)—CONTRACT—CONSTRUCTION.

A provision, in a contract for the sale of property to be paid for in installments, that the purchasers might assign or transfer the property to a corporation to be organized, which should have a capital stock of $250,-000, in which event the purchasers should be released from any further personal liability, held to contemplate a corporation having a capital stock of $250,000 actually paid up or subscribed for by responsible parties, and not merely an authorized capital stock of such amount.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 236–238; Dec. Dig. § 85.*]

3. COURTS (§ 344*)—JURISDICTION OF FEDERAL COURT—LOCAL SUIT—SERVICE.

The provision of Judicial Code, § 57, for the service in local actions to enforce a lien of an order on the person in possession of the property, does not require service where such person is within the jurisdiction and is served with a subpœna as a defendant.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. § 344.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. PARTIES (§ 32\*)—SUIT TO ENFORCE LIEN.**

Where a contract for the sale of property, deferred payments on which were secured by a deposit of collateral with a trustee, provided that the purchasers might assign or transfer the property subject to the contract, which they did, the transferee is an indispensable party to a suit to enforce the lien on the collateral.

[Ed. Note.—For other cases, see Parties, Dec. Dig. § 32.\*]

In Equity. Suit by William E. Blake and Willie Mallory Chamberlain, executors of Frank W. Chamberlain, deceased, against the Foreman Bros. Banking Company and others. On motion to dismiss. Motion sustained.

William E. Blake and Willie Mallory Chamberlain, both citizens and residents of Burlington, Iowa, and executors of the last will and testament of Frank W. Chamberlain, deceased, brought this action against Foreman Bros. Banking Company, an Illinois corporation, with its principal place of business in the city of Chicago, Jacob J. Shubert, a resident and citizen of New York City, and John Cort, a resident and citizen of the state of Washington. The bill charges that Frank W. Chamberlain in his lifetime owned certain theater properties, some having a charter from Illinois and some from other states, which he sold to the defendants Shubert and Cort. The method of sale was to deposit with Foreman Bros. Banking Company, as trustee, the stock in the several theater corporations, to be held by it as security for the unpaid balance of the purchase price. The stock was duly indorsed, and ample power was conferred upon the trustee to sell in case of default.

Under the contract $22,500 was to be and was paid by the defendants on August 1, 1910, and after that $150,000 was to be paid in ten equal installments of $15,000 each, payable annually, beginning August 1, 1911; the deferred payments to bear interest at the rate of 5 per cent. per annum. The interest payments for 1911 and the $15,000 due on August 1, 1911, were paid. Nothing has been paid under the contract since that date. The contract contained the following clause: "Said first and second parties further covenant and agree that all said aforementioned properties, stocks, and leases acquired by the parties of the second part hereto under and by virtue of said contract, dated June 18, 1910, may be by the said party of the second part assigned and transferred to a corporation to be organized under the laws of the state of New York, which corporation shall have a capital stock of two hundred fifty thousand dollars ($250,000), and immediately upon such corporation being organized, and assuming this agreement and the agreement of June 18, 1910, and executing an agreement so to do, then and in that event, by virtue of the said agreement so to be executed by such corporation, the parties of the second part hereto shall ipso facto be released from any liabilities or obligations hereunder, and said corporation shall thereupon be bound by each and every of the terms, covenants, and conditions of this agreement, and the said agreement of June 18, 1910, as though it, the said corporation, had originally been named as the party of the second part hereto, and in the said agreement of June 18, 1910, in the place and stead of the parties of the second part heretobefore mentioned."

In June, 1912, there was organized, under the laws of the state of New York, a corporation known as the "Western Theaters Limited Company," with an authorized capital stock of $250,000, and with authority to begin business on the payment of $1,000 of the capital stock. The bill charges that the four incorporators were the agents and attorneys of Shubert and Cort, or in some way attachés of their office. After the incorporating of the Western Theaters Limited Company, the defendants Shubert and Cort repudiated any further liability under the contract. The bill charges that the new company was incorporated by Shubert and Cort solely for the purpose of escaping liability under their contract.

The defendants Cort and Shubert have entered special appearances, and moved to dismiss for the following reasons: (1) That the court is without

jurisdiction over the nonresident defendants, because there is no property within the Northern district of Illinois to which the complainants assert a legal or equitable lien or claim. (2) That the Western Theaters Limited Company is an indispensable party. (3) That there is no equity in the bill.

Caruthers Ewing, of Memphis, Tenn., and Howe, Fordham & Vasen, of Chicago, Ill., for plaintiffs.

Mayer, Meyer, Austrian & Platt, of Chicago, Ill., for defendants.

CARPENTER, District Judge (after stating the facts as above). [1] Considering the pertinent questions as if all of the corporations involved were incorporated in states other than Illinois, I am of the opinion that stock certificates such as are described in the bill in this case, when properly indorsed and delivered as security to a resident trustee, with power of sale in case of default in the trust agreement, are property within the definition of section 57 of the Judicial Code, conferring jurisdiction upon this court. Such stock certificates were intended as property, endowed with all the characteristics of property, and regarded as such by the parties and by the business community. I agree fully with the reasoning of the court in Simpson v. Jersey City Contracting Co., 165 N. Y. 193, 58 N. E. 896, 55 L. R. A. 796, and Merritt v. American Steel Barge Co., 79 Fed. 228, 24 C. C. A. 530. The case of Chase v. Wetzlar, 225 U. S. 79, 32 Sup. Ct. 659, 56 L. Ed. 990, does not announce a contrary rule.

[2] The clause in the contract which permits an assignment of the contract to a New York corporation having a capital stock of $250,000 I believe indicated an intention of the parties to allow the transfer only to a corporation which had its capital stock of $250,000 actually paid in, or for the payment of which some responsible person was liable. Otherwise, the assignment clause in the contract would seem foolish.

[3] As to the requirement in section 57 of the Judicial Code as to service of the warning order upon the trustee: It is not necessary that such service be made, where the trustee is within the jurisdiction of the court and duly served with a subpœna to appear, as was done in this case.

[4] The Western Theaters Limited Company is not made a party to the bill. This I regard as a fatal defect. The Theaters Company is an indispensable party. It may be thoroughly responsible and interested in the execution of the contract, and may desire to make the payments and accept the benefits of it.

The motion to dismiss, therefore, must prevail, and the bill will be dismissed, with leave to the complainants, if they see fit, to amend the bill within 30 days; and it is so ordered.