HUDSON NAV. CO. v. MURRAY.

(District Court, D. New Jersey. February 14, 1916.)

1. COURTS ⬤⟞269—FEDERAL COURTS—JURISDICTION—DISTRICT IN WHICH SUIT MUST BE BROUGHT.

Under Judicial Code (Act March 3, 1911, c. 231) § 57, 36 Stat. 1102 (Comp. St. 1913, § 1039), declaring that when, in any suit to remove any incumbrance or lien or cloud upon the title to real or personal property within the district, the defendant shall not be an inhabitant of or found within the district, it shall be lawful for the court to make an order directing the absent defendant to appear and plead, it is immaterial, in a suit to cancel stock certificates on the ground that they cast a lien or cloud upon the title of the corporation to its property, whether the certificates themselves be within the district, as such illegal certificates are not the property from which it is sought to remove a cloud.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 809; Dec. Dig. ⬤⟞269.]

2. COURTS ⬤⟞269—FEDERAL COURTS—JURISDICTION—DISTRICT IN WHICH SUIT MUST BE BROUGHT.

In such case, where the property of the corporation was not within the district where it was incorporated, and suit was brought, such suit cannot, on the theory that it was sought to remove a cloud from the title of the duly issued stock, be maintained in such district, for the illegally issued stock can only cast a cloud upon the equitable title of the legal stockholders to the property of the corporation, which was without the district.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 809; Dec. Dig. ⬤⟞269.]

In Equity. Bill by the Hudson Navigation Company against Edward F. Murray. On motion to vacate an order, made pursuant to Judicial Code, § 57, directing defendant, a nonresident of the district of New Jersey, to appear and plead, and to set aside the substituted service made upon him by virtue of such order. Motion granted.

Wm. J. & Wm. C. Roche, of Troy, N. Y., and Alfred H. Strickland, of New York City, for the motion.

Barber, Watson & Gibboney, of New York City, opposed.

HAIGHT, District Judge. The defendant has appeared specially to challenge the jurisdiction of the court to proceed against him, and seeks to have set aside the order authorizing the substituted service, as well as the service.

[1, 2] The order in question was made pursuant to section 57 of the Judicial Code (36 Stat. 1087), which was formerly the eighth section of the act of March 3, 1875 (18 Stat. 470, c. 137). When the order was made the defendant was not an inhabitant of this district, nor could he be found therein; he was and still is a resident and citizen of the state of New York. No question is raised as to the regularity of the manner in which the substituted service was made; but the insistment is that the order should not have been made. The statute in question is, by its terms, applicable only to a suit—

"to enforce any legal or equitable lien upon or claim to, or to remove any encumbrance or lien or cloud upon the *title to real or personal property within the district where such suit is brought.*"

It is necessary, therefore, at the outset, to ascertain the nature and object of this suit. The bill alleges in substance that the plaintiff is a New Jersey corporation, and that certain shares of its capital stock were illegally and fraudulently issued to, and are now claimed to be owned by the defendant, and that the stock certificates therefor are now within the state of New Jersey. It also alleges that:

The "action is brought to remove the incumbrance or lien or cloud upon *the title of the property of the plaintiff* caused by the wrongful issuance of said stock certificates to the defendant as aforesaid, and his claim to the ownership thereof and to the property represented thereby."

It prays that the stock so issued to the defendant be decreed to be void, that the defendant be required to surrender the certificates, and that the plaintiff be authorized to cancel them. The defendant has submitted affidavits, the main avowed object of which is to show that the certificates for the stock in question were fraudulently brought into the state of New Jersey, by the plaintiff, for the purpose of investing this court with jurisdiction in this suit. Their relevancy is sought to be sustained upon the theory that the physical presence of these certificates within this district is essential to authorize the substituted service provided for in the above-mentioned section of the Judicial Code. But I think this contention is based upon a misconception of the nature and object of the suit. It is not sought to remove any incumbrance or cloud upon the title to those certificates; but the object of the suit is to remove a "cloud upon the *title* of the property of the plaintiff," or a cloud upon the *title* of the genuine stockholders, which

cloud, it is alleged, has been created by the alleged invalid issue of stock, of which the certificates are merely evidence of ownership. Hence, whether or not the certificates are within this district, or the manner in which they were brought here, is quite immaterial on·this motion. The important question is whether the property, upon the *title* of which, it is alleged, the invalid issue of stock creates a cloud, is within this district.

It is therefore necessary to determine upon the *title* of what property, if any, a cloud has been so created, and whether such property is within this district. If it be assumed that a cloud has been cast upon the property, as distinguished from the capital stock, of the plaintiff, it is clear that substituted service was unauthorized, because such property, the affidavits show, is not located within this district. The allegations of the bill of complaint, on the other hand, preclude the assumption that the stock in question was once lawfully issued, and which, therefore, might be held by or on behalf of the plaintiff and lawfully transferred at any time, or, in other words, stock which would remain definite personal property of the plaintiff, having the same legal status as·if it were stock in some other corporation, which the plaintiff was authorized to hold. If it were such stock I could readily conclude that the defendant's title would create a cloud upon the plaintiff's title thereto, and that, as will be hereinafter shown, this court could acquire jurisdiction by substituted service in a·suit to remove the cloud, because the situs of the stock would be in this district. But the allegations of the bill are that the stock was never lawfully issued. The plaintiff does not, in a legal sense, therefore, seek to establish its title thereto, but rather to have it canceled and judicially declared to be invalid. I think it clear, therefore, that there is no property of the plaintiff within this district upon which the stock held by the defendant has created a cloud.

It then becomes necessary to ascertain whether the stock in question has cast a cloud upon the title of the genuine stockholders to any property within this district. For this purpose I will assume that, if any such cloud exists, the plaintiff, as distinguished from the stockholders, may maintain a suit to remove it. It was held by the Supreme Court in Jellenik v. Huron Copper Mining Co., 177 U. S. 1, 20 Sup. Ct. 559, 44 L. Ed. 647, that a suit for the purpose of removing a cloud upon the plaintiffs' title to shares of stock of·a Michigan corporation, the legal titles to which were held by residents of a district other than that in which the suit was brought, could be maintained in the district of the state where the corporation was created, and jurisdiction could be acquired over the nonresidents by virtue of the eighth section of the act of 1875, upon the theory that, for such purpose, the situs of the stock of the corporation was in the state where the corporation was created. The statutes of Michigan, quoted in the opinion of the Supreme Court, providing for the incorporation of companies such as that by which the stock was issued, are in all material respects the same as the New Jersey Corporation Act, under which the plaintiff in this case was incorporated. Amparo Mining Co. v. Fidelity Trust Co., 75 N. J. Eq. 555, 557, 73 Atl. 249; 2 N. J.

Comp. Stat. p. 1592 et seq., and page 2244. The state courts of New Jersey have also uniformly held that shares of stock in a New Jersey corporation, held and claimed to belong to a resident of another state, who must be brought in by substituted service, have such a situs in New Jersey as to confer upon its courts jurisdiction to determine questions regarding the title to the stock; that such a proceeding is quasi in rem. Amparo Mining Co. v. Fidelity Trust Co., supra (Err. & App. affirming, Id., 74 N. J. Eq. 197, 71 Atl. 605 Ct. Chan.); Andrews v. Guayaquil & Quito Ry. Co., 69 N. J. Eq. 211, 60 Atl. 568 (Ct. Chan.); affirmed 71 N. J. Eq. 768, 71 Atl. 1133 (Err. & App.); Sohege v. Singer Mfg. Co., 73 N. J. Eq. 567, 68 Atl. 64.

It is clear, therefore, that if the alleged illegal shares of stock cast a cloud upon the title to the shares belonging to the genuine stockholders, jurisdiction in a suit to remove such cloud may be acquired by this court over the defendant by the substituted service provided for in section 57 of the Judicial Code, because the situs of the valid shares is within this district. But there is a well-defined difference between the object of the suit at bar and that of the Jellenik and New Jersey cases above cited. In the latter cases it was sought to remove a cloud upon the legal title to stock, or to determine the legal title, while in the former such is not the purpose, because the illegal stock cannot cast a cloud upon the *legal title* to the genuine stock of the holders thereof. But the illegal stock probably does cast a cloud upon the equitable title or the interest which the genuine stockholders have, by virtue of their shares of stock, *not in the stock,* but in the property of the corporation, since it impairs that title or interest. N. Y. & N. H. R. R. Co. v. Schuyler, 17 N. Y. 592. However, that fact does not bring the case within the provisions of the statute in question, for the property, upon the equitable title to which the cloud rests, is not the stock, but the property, of the corporation, and that, as before shown, is not within this district. The statute makes the location of the property, upon the *title* to which the cloud exists, the decisive factor.

Applicable, also, to the situation here presented, I think, are the remarks of the Chief Justice in Chase v. Wetzlar, 225 U. S. 79, 88, 32 Sup. Ct. 659, 56 L. Ed. 990. In Citizens' Savings & Trust Co. v. Illinois Central R. R. Co., 205 U. S. 46, 27 Sup. Ct. 425, 51 L. Ed. 703, a stockholder sued to set aside certain leases and deeds which affected the properties and franchises of the corporation. The Supreme Court held that the suit came within the act of 1875, because the property which was affected by the leases and deeds was *wholly within the district* where the suit was brought. The leases and deeds in that case probably cast, at least to the same extent as the illegal stock in this case, a cloud upon the equitable title of the stockholders in the property of the corporation, but the controlling consideration was the location of the property of the corporation.

I have not overlooked the broad statement in 1 Cook on Corporations (7th Ed.) § 297, that a suit in equity to prevent the transfer, the voting of, or payment of dividends upon illegally issued stock is in the nature of a bill to quiet title, or to remove a cloud from the title, of the genuine stock. But this statement has no reference to the statute

now under consideration, and I think refers, not to the legal title of the genuine stock, but to the equitable title of the holders of the genuine stock to the property of the corporation. This is clearly the effect of the decision in N. Y. & N. H. R. R. Co. v. Schuyler, supra, which is cited by Mr. Cook. The other cases cited by him had nothing whatever to do with this statute, or the question now under consideration. Jurisdiction, by substituted service, could probably be secured in the state courts of New Jersey, in a suit such as this, upon the theory that it is a suit quasi in rem; the situs of the stock which it is sought to have judicially declared to be invalid being in this state. But, if such is the correct assumption, it affords no assistance to the plaintiff in this action, because the statute of New Jersey, which provides for substituted service upon absent defendants, is much broader than the federal statute now under consideration, and is not, as is the latter, limited in its application by the object of the suit, except by the constitutional requirement of due process of law. 1 N. J. Comp. Stat. p. 414, §§ 12 to 18. Hence, as the object of this suit is not to remove a cloud upon the legal title to the genuine stock or any equitable title thereto, but is to remove a cloud upon the equitable title of the holders of the genuine stock to the property of the corporation, and as such property is not within this district, jurisdiction cannot be acquired by the substituted service provided for in section 57 of the Judicial Code.

The defendant's motion will therefore be granted, with costs.

2. COURTS ⬉351—PRACTICE—INTERROGATORIES.
     Where defendant is in doubt, or the meaning of interrogatories does not clearly appear, defendant may require a restatement.
     [Ed. Note.—For other cases, see Courts, Cent. Dig. § 924; Dec. Dig. ⬉351.]

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes