## GILMORE v. ROBILLARD et al.

### No. 6195.

Circuit Court of Appeals, Ninth Circuit.

Nov. 3, 1930.

Rehearing Denied Dec. 6, 1930.

Walter D. Hawk and Charles W. Partridge, both of Los Angeles, Cal. (Thatcher J. Kemp and Kemp, Partridge & Kemp, all of Los Angeles, Cal., of counsel), for appellant.

Norman S. Sterry and Gibson, Dunn & Crutcher, all of Los Angeles, Cal., for appellee Robillard.

Hamilton Ward, Atty. Gen. State of New York, and Tracy Chatfield Becker, of Los Angeles, Cal. (William F. Huyck and Borden H. Mills, both of Albany, N. Y., of counsel), for appellee Ward.

Before RUDKIN and WILBUR, Circuit Judges, and KERRIGAN, District Judge.

KERRIGAN, District Judge.

This is an appeal from an order and decree vacating and quashing substituted service of summons upon the defendants, and as a necessary corollary thereof, dismissing the bill of complaint. The bill of complaint, brought by a citizen and resident of Michigan against citizens and residents of New York, sought to invoke the jurisdiction of the District Court for the Southern District of California upon the ground that there was personal property within that district affording the basis for substituted service upon the foreign defendants and the assumption of jurisdiction under the provisions of section 57 of the Judicial Code (28 USCA § 118). Plaintiff sues as an heir at law of Mrs. Martha H. Beeman, who is alleged to have been domiciled in the Southern District of California at the time of her death. It is alleged that she died possessed of tangible personal property of the approximate value of $12,000, and of intangible personal property aggregating $483,000 largely evidenced by stocks, bonds, and bank credits (none of these obligations being owing by citizens or residents of California), and that all of this property, at the time of Mrs. Beeman's death, had its situs at the place of her death and within the Southern District of California. Defendant Robillard is sued individually and as executor and trustee under the will of Mrs. Beeman, and defendant Hamilton Ward, as Attorney General of the State of New York, is joined because of statutory duties imposed upon him relative to the administration of charitable trusts. Of the cause of action set forth it is sufficient to say that the plaintiff seeks a determination that Mrs. Beeman was domiciled in California at the time of her death, and not in New York as contended by Robillard; that her will is void under the laws of California; and that

plaintiff is entitled to one-fifth of her estate as one of five heirs at law.

The crucial question is as to whether the personal property was within the jurisdiction of the District Court when the bill was filed. The bill itself states that the tangible personal property inventoried in an exhibit to the bill had been removed to New York prior to the filing of the bill. The uncontradicted affidavit of Robillard offered in support of his motion to quash and vacate substituted service upon him shows that the paper evidences of all of the intangible property, i. e., stock certificates, notes, mortgages, etc., have been situated in the state of New York since a time prior to Mrs. Beeman's death, and now are situated there.

Appellant relies upon the doctrine that the situs of personal property is at the domicile of its owner. He contends that, California being alleged to have been the domicile of Mrs. Beeman at the time of her death, all personal property of which she died possessed remained constructively present there after her death and was so present when this bill was filed, although there were at that time no physical evidences of such property whatever within the jurisdiction, and although no debtor to Mrs. Beeman could be found in California. Such may be the rule where a state court assumes probate jurisdiction over the estate of a decedent, or where a state or the United States imposes a tax upon personal property, but a different principle applies where the jurisdiction of a court over the persons of the defendants depends upon the fact that there is a res within the jurisdiction which may be reduced to possession by the court and disposed of by its judgment or decree. We think the case of Chase v. Wetzlar, 225 U. S. 79, 32 S. Ct. 659, 56 L. Ed. 990, decisive of this question. In that case plaintiff, a citizen of Pennsylvania, filed his bill in the Southern District of New York against citizens and residents of Germany. Defendants were trustees under the will of a testator who died domiciled in New York and whose will was probated there. Under the will a son of the testator became entitled to a certain sum, in which plaintiff claimed a mortgage interest, but no distribution had been had. The trustees, by virtue of permission given by the will, had removed the railroad bonds evidencing the trust property to Germany. This case presented a stronger basis than does the present one for arguing that the trust property was constructively present in New York. Nevertheless, the Supreme Court sustained a decree of

dismissal for want of jurisdiction over the defendants and unequivocally rejected the contention that constructive presence of personal property within the district was sufficient to give the court dominion over the property. It is to be noted that the property with which the court was concerned was of the same general type with which we are here concerned, namely, bonds. It is clear that the court below correctly concluded that there was no property within the district to afford a basis for valid substituted service.

Appellant contends that such a conclusion can be reached only by considering the affidavit of Robillard offered in evidence at the hearing of the motions to quash and vacate service of process, and that such an affidavit, controverting the allegations of the bill as to the situs of the property involved in the suit, is not permissible, as such matters must be raised by answer under Equity Rule 29 (28 USCA § 723). In this appellant is in error. A defendant objecting to the jurisdiction of a court over his person must appear specially for that purpose; to answer is to waive his objection. It has been repeatedly held that upon a special appearance for the sole purpose of quashing service of process a defendant may controvert the allegations of the bill relating to the jurisdiction over his person, and that the court should consider evidence offered for this purpose. Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 30 S. Ct. 125, 54 L. Ed. 272; Miller v. Minerals Separation, Ltd. (D. C.) 275 F. 380; 1 Cyc. Fed. Proc. 727; 3 Cyc. Fed. Proc. 403.

The order and decree appealed from are affirmed.