## FERDIG OIL CO. et al. v. WILSON.
### No. 1451.

Circuit Court of Appeals, Tenth Circuit.
Aug. 27, 1937.

Robert E. O'Keefe, of Amarillo, Tex., for appellants.

Jay H. Hoag, of Duluth, Minn. (Theo. Hollister, of Duluth, Minn., Albert D. Walton, of Cheyenne, Wyo., and Lathers & Hoag, of Duluth, Minn., on the brief), for appellee.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

LEWIS, Circuit Judge.

On August 6, 1929, Sam A. Wilson, appellee, instituted suit in the court below against S. C. Ferdig, H. L. Lowe, I. E. Ferdig, John N. Thelen, the Sylvester Oil Company (a common law trust), Treasure State Oil Syndicate (a common law trust), Sylvester Ferdig, trustee of both trusts, Ferdig Oil Company (a Delaware corporation), Yellowstone Petroleum Company (a Delaware corporation), and Cody Petroleum Company (a Delaware corporation). Three days later plaintiff below filed notice of lis pendens with the county clerk of Park County, Wyoming, wherein was described certain lands involved, including the Klindt oil lease, and later that month a supplemental lis pendens was filed describing other involved lands. The bill alleged that complainant, appellee here, was then a resident of the state of Minnesota and a citizen of the United States; that the Delaware corporations were citizens and residents of the state of their creation; that S. C. Ferdig (who is the same person as Sylvester Ferdig) and his wife, I. E. Ferdig, were residents of Cody, Wyoming; that the two common law trusts were citizens and residents of Montana; that they and some of the named corporation defendants had property and effects in the state of Wyoming; and that the amount in controversy exceeded the value of $3,000 exclusive of interest and costs.

The basis of the complaint was an alleged joint adventure agreed upon in January, 1924, between S. C. Ferdig, H. L. Lowe, and the plaintiff, Wilson, each to share a third interest therein; that Ferdig represented that he was then drilling an oil well in Montana on a lease which required a cash payment of $2,000 and an additional payment of $6,000 out of earnings in any oil that might be found on the property; that he was then without means and unable to pay the $2,000 due; that he had a drilling outfit which was incomplete and only partially paid for and he required financial assistance to go on. He also represented that he was skilled in locating, exploring and drilling for oil and believed that if he could obtain sufficient finances to drill one well the income would finance the drilling of additional wells on that lease and elsewhere. He represented to Wilson and Lowe that by not selling more units than was necessary to finance the first well the enterprise could be gradually enlarged into a profitable and productive venture; that relying on said representations and the further representation that he would turn the lease over to himself as trustee for the Sylvester Oil Company and drill the well for cost without profit to himself, he and Lowe agreed with Ferdig that they would raise the cash either personally or by selling units of the Sylvester Oil Company sufficient to pay the $2,000 required as a down payment on the lease and finance the drill-

ing of the first well, each of the three to have a third interest in the assets and profits resulting from said joint adventure; that it was agreed that each should have and hold one-third of the 16,000 units which it was agreed should be issued by him as trustee for the Sylvester Oil Company in consideration of the transfer of said lease and services rendered by Ferdig; that additional leases and other property would or might be acquired by the Sylvester Oil Company from time to time as finances permitted; that pursuant to said agreement Wilson performed his part and through his efforts secured funds and forwarded the same to Ferdig and otherwise assisted with his services in carrying out the joint enterprise; that he sold units to others and himself purchased 1031 units in the Sylvester Oil Company paying cash therefor in the sum of $10,310, certificates for which Ferdig as trustee agreed to issue to him; and that thereafter certain leases to other properties were acquired by the Sylvester Oil Company on lands in the state of Wyoming, and equipment for drilling was acquired by said trust.

It is then alleged that Wilson never received any certificates in the trust for which he had paid; that Ferdig thereafter shifted titles of the leases in the Sylvester Oil Company to other defendants and acquired new leases in the names of other defendant companies, to himself, and to his wife, and he and the defendant Thelen entered into a conspiracy to cover up in that manner the title and interest of Lowe and himself in the joint adventure; that the Ferdig Oil Company was organized and used in part for that purpose, and some valuable leases that produced large amounts of oil were taken in its name or later conveyed to it. Other material allegations in the original and amended complaint as to how Ferdig proceeded in his efforts to eliminate Wilson of any apparent interest and finally ignored him need not, for present purposes, be now stated. He prayed that his interest in all the leases and in the oil that had been produced be ascertained by the court, and that a receiver be appointed to take charge of and operate the properties in so far as that might be necessary in protection of the rights of complainant.

Lowe was not found in the district and did not appear. There is some data in the files that he resided at Eau Claire, Wisconsin.

On final hearing the cause was dismissed as against Thelen after he answered and testified. The remaining defendants except Lowe, as found by the District Judge, filed answers, but withdrew their appearances with the exception of the Cody Petroleum Company. The final hearing continued as a contested suit only as between the plaintiff and said last named defendant. The court in a written memorandum, after hearing the evidence, sustained the material allegations of the bill except as against the defendant Cody Petroleum Company. It found the facts in favor of appellee and rendered a decree that the other defendants account to him for all trust funds paid to either of them at any and all times since the joint adventure agreement entered into in January, 1924, and for a proper and proportionate amount of all profits realized therefrom, and for an accounting to be thereafter had for that purpose. Leave was also granted to the complainant to thereafter apply for the appointment of a receiver.

Thereafter on June 3, 1933, the court appointed a receiver of all the property of the defendants, except Lowe, Thelen and the Cody Petroleum Company. The receiver was authorized and empowered to institute and prosecute all suits both in the state of Wyoming and elsewhere as might be necessary in his judgment for the protection of the property and rights vested in him and likewise to defend suits against said defendants. Later on the 27th day of July, 1933, the United States District Judge for the District of Montana appointed the said receiver named by the District Judge for the District of Wyoming as ancillary receiver of the property of said defendants, describing a number of tracts of land in the state of Montana, and particularly as receiver of the Ferdig Oil Company.

In June, 1933, said receiver and Sam A. Wilson, appellee here, instituted a suit in the state district court of Montana against John N. Thelen in which it was charged that Thelen was then producing oil on a lease which had belonged to the Ferdig Oil Company; that Thelen had been a party to the suit first brought in the United States District Court for Wyoming and was familiar with the claims of said Wilson as alleged and found in his favor in that case; that Thelen while in full charge of the said lease then in the name of the Ferdig Oil Company had produced

large amounts of oil therefrom and was still operating and producing oil therefrom, but while vice-president of said company and in charge of its said operations he had permitted and fraudulently suffered taxes on said property to remain unpaid and in consequence of a conspiracy between him and others he had acquired title through tax sales of the property of the Ferdig Oil Company in his own name. It denied that he had any title in equity and good conscience to said property or any part thereof, asked the court to so adjudge, and that Wilson be decreed the true owner of an undivided third of said property and an accounting for the profits that had been realized therefrom as against Thelen. After amendments of that complaint the said receiver was omitted as a plaintiff in the third amended complaint, and that action stood as Sam A. Wilson, Plaintiff, v. John N. Thelen, Defendant. It was filed September 5, 1934.

Thereafter on March 31, 1936, Thelen came back into the original suit in Wyoming from which he had been dismissed with his costs and filed a petition attacking the jurisdiction of the United States District Court for the District of Wyoming, and prayed that the court vacate, dismiss and set aside its final decree and judgment in that case entered on December 11, 1931, and that the order appointing a receiver be set aside. One Buscher, who had not been a party to the litigation in Wyoming, joined Thelen in his petition for dismissal. He represented himself as the acting president and a director of said Ferdig Oil Company, and so signed its joinder in the motion of Thelen. That motion or motions was or were overruled on May 29, 1936, and this appeal is from that order.

On the day the original bill was filed in the United States District Court for the District of Wyoming a subpœna in chancery was issued to all the defendants, and the Marshal shortly thereafter made return that he had served it on all of them except Thelen and Lowe. Thelen promptly attacked the bill on its merits by filing a motion to dismiss it. The Ferdig Oil Company also moved to dismiss on the ground that plaintiff Wilson was a citizen and resident of Minnesota and the Ferdig Oil Company a citizen and resident of the state of Delaware, and for that reason the court had no jurisdiction over it. Nothing further was done until January 20, 1930, when Wilson filed an amended bill. Thus the matter stood without action until November 26, 1930, when the court in a memorandum opinion called attention to the fact that the suit was local in character under the provisions of section 118, Title 28, U.S. Code, and on that day it entered an order overruling the motions to dismiss, reciting that the other defendants had moved for dismissal, and their motions also were overruled. Again the matter stood without action until January 5, 1931, at which time the two Ferdigs, Thelen, the two common law trusts, and Sylvester Ferdig, trustee, joined in an answer to the amended complaint on the merits and alleged affirmative defenses for adjudication,—among others, the statutes of limitation of both Montana and Wyoming, laches on the part of Wilson, and they admitted some of the material allegations, particularly Ferdig's conveyances to the Ferdig Oil Company of property which he had represented as belonging to the Sylvester Oil Company (a common law trust). On the same day, January 5, 1931, the Ferdig Oil Company and the Yellowstone Petroleum Corporation joined in filing their answer to the second amended complaint wherein they too answered to the merits and plead affirmative defenses. Final hearing was had on July 27, 1931. The court made findings of fact and conclusions of law on which it entered its decree December 11, 1931. When the final hearing came on one of counsel for defendants announced to the court, "We filed a withdrawal of appearance on behalf of all defendants except Cody Petroleum Company on March 27, 1931." At that hearing Wilson testified at some length. He was cross examined by Mr. Greever, who seems to have represented the Cody Petroleum Company. It seems to have acquired the Klindt lease in Wyoming, and later sold it for a large consideration paid down to a party who had no connection with the Ferdig transaction theretofore in so far as Wilson was concerned, and all of the purchase price had been disposed of in paying its debts and those of other parties defendant in this suit. On appeal we affirmed the dismissal as to that company. Wilson v. Cody Petroleum Co., 66 F.(2d) 233.

Obviously the original suit was local, and the United States District Court was without power to acquire jurisdiction over the persons of nonresident defendants. The service of the subpœna upon their officers and upon the trustee of the common

law trusts did not bring them into court personally, and the jurisdiction of the United States District Court of Wyoming would have extended no further than to adjudicate rights in property within the jurisdiction of that court, after warning orders had been issued to nonresident defendants as said section 118 provides. Chase v. Wetzlar, 225 U.S. 79, 32 S.Ct. 659, 56 L. Ed. 990; Louisville & Nash. R. R. Co. v. Western Union Tel. Co., 234 U.S. 369, 34 S.Ct. 810, 58 L.Ed. 1356; Ladew v. Tenn. Copper Co., 218 U.S. 357, 31 S.Ct. 81, 54 L.Ed. 1069; Bank of Jasper v. First Nat. Bank, 258 U.S. 112, 42 S.Ct. 202, 66 L.Ed. 490; Gilmore v. Robillard (C.C.A.) 44 F.(2d) 295; Hamilton Michelsen Groves Co. v. Penney (C.C.A.) 58 F.(2d) 761. But when the nonresident defendants came in with their answers to the merits and plead affirmative defenses on which they asked relief they submitted themselves and their rights in the controversy to the full jurisdiction of the court over their persons and over their property in which appellee claims an interest wherever situate. Simkin's Federal Practice (Rev.Ed.) Chapters LXXXI, LXXXII; Foster, Federal Practice (6th Ed.) Vol. 1, Ch. VII; Dana v. Searight (C.C.A.) 47 F.(2d) 38.

The appeal of Thelen, Buscher and Ferdig Oil Company from the order of the court overruling their motion to dismiss Wilson's original suit is wholly without merit. That order is affirmed.