**TOWN OF LANTANA, FLA., v. HOPPER.**
No. 8910.

Circuit Court of Appeals, Fifth Circuit.

March 9, 1939.

Willard Utley, C. Robert Burns, and R. C. Alley, all of West Palm Beach, Fla., for appellant.

. W. Terry Gibson and Joseph P. Lea, Jr., both of West Palm. Beach, Fla., for appellee.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

Appellee brought this suit at law to recover on certain interest coupons detached from two separate · issues of bonds issued by the town of Lantana, Florida, and recovered judgment in the sum of $8,412.08, with interest and costs. The pleadings are lengthy but it is unnecessary to review them

extensively as at the outset we are confronted with a challenge to the jurisdiction of the District Court.

The complaint alleged that plaintiff is a citizen of New York and the owner and holder of the coupons sued upon; that defendant is a municipal corporation of Florida and a citizen of that state; that the amount involved exceeds $3,000, exclusive of interest and costs. These allegations were not denied. By leave of court, defendant filed verified pleas, which alleged the securities sued upon were transferred to plaintiff, Harrison Hopper, in name only, without consideration, by Ed C. Wright & Co., a Florida corporation, for the sole and exclusive purpose of collusively establishing an apparent diversity of citizenship, in order to bring the controversy within the Federal jurisdiction. After a hearing on these pleas, at which no evidence was offered by either side, defendant moved for dismissal of the case on the ground that plaintiff had failed to sustain the burden of proving jurisdiction. The motion was denied. Plaintiff then tendered the coupons and filed a verified proof of claim. No other evidence was adduced. Plaintiff then moved for judgment, which motion was granted, and judgment was entered by the court, without the intervention of the jury. Error is assigned to the denial of the motion to dismiss.

Unless plaintiff and defendant were citizens of different states the District Court was without jurisdiction. Jud.Code § 24, 28 U.S.C.A. § 41. The pleas, in effect, denied diversity of citizenship between the actual parties. If it should have appeared, at any time after the suit was brought, that plaintiff, Harrison Hopper, was not truly a party in interest and was collusively substituted for Ed C. Wright & Co., which corporation was the real party in interest, there was no diversity of citizenship and it was the duty of the District Court to dismiss the case. Jud.Code § 37, 28 U.S.C.A. § 80. Since there is no evidence at all tending to show the truth or falsity of the pleas, a decision on this point turns upon the burden of proof.

■ Federal Courts are of limited jurisdiction, fixed by statute, and the presumption is against jurisdiction throughout the case. Grace v. American Central Ins. Co., 109 U.S. 278, 3 S.Ct. 207, 27 L.Ed. 932; Lehigh Mining & Manufacturing Co. v. Kelly, 160 U.S. 327, 16 S.Ct. 307, 40 L.Ed. 444. In Roberts v. Lewis, 144 U.S. 653, 12 S.Ct. 781, 36 L.Ed. 579, the petition alleged the requisite diversity of citizenship and the answer denied each and every allegation of the petition. There was no proof of citizenship in the record. It was held that diversity of citizenship though properly alleged must be proved by plaintiff if denied by defendant; and if there is no evidence on that point the judgment must be reversed and the cause remanded. In Chase v. Wetzlar, 225 U.S. 79, 32 S.Ct. 659, 56 L.Ed. 990, jurisdiction depended upon certain property being within the jurisdiction of the District Court. Jurisdiction was properly alleged. A plea was filed denying this. It was held the burden of proving jurisdiction rested upon complainant. There was no proof that the property was within the jurisdiction of the court and the bill was dismissed. In McNutt v. General Motors Acceptance Corp., 298 U. S. 178, 56 S.Ct. 780, 80 L.Ed. 1135, the bill alleged that the matter in controversy exceeded the sum of $3,000, exclusive of interest and costs. This allegation was denied by the answer. After an exhaustive review of the previous authorities, it was held that the burden of proving the necessary jurisdictional facts rested upon complainant throughout the case. As this burden had not been sustained, the case was dismissed. To the same effect is KVOS, Inc., v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183.

■ The above cited decisions and authorities cited therein conclusively establish the rule that if the issue is presented in any way the burden of proving jurisdiction rests upon him who invokes it. Since plaintiff failed to sustain the burden of proving jurisdiction, there was nothing for the District Court to do but dismiss the cause. It follows that the judgment must be reversed. But upon a new trial that does not close the door to the admission of proof on behalf of plaintiff to overcome the presumption against jurisdiction and to prove the allegations of his pleadings.

Appellant assigns error to various rulings of the court on the pleadings and to the entering of judgment without the intervention of the jury. It is unnecessary to discuss or pass upon these assignments. However, in that connection, we take occasion to call attention to Rule 86 of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, under which the rules apply to further proceedings in pending actions, after they became

effective, unless in the opinion of the court their application would not be feasible or would work injustice. The pleadings in this case are unnecessarily complicated and tend to cloud rather than to clarify the issues. Perhaps, in the event of a new trial, in the exercise of sound discretion, the trial judge may require the parties to recast their pleadings and proceed to judgment according to the new rules.

The judgment appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion.