WARREN, Governor of Florida, for Use and Benefit of WALKER, v. PEARSON et al.

No. 13595.

United States Court of Appeals Fifth Circuit.

April 1, 1952.

Clyde H. Wilson, Sarasota, Fla., for appellant.

Francis C. Dart, Sarasota, Fla., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

PER CURIAM.

Alleging himself to be a citizen of the State of Texas, plaintiff brought this suit against the sheriff of Sarasota County, Florida, and two of his deputies, and upon his official bond, for damages for misuse and abuse of power.

The defendants moving to dismiss the complaint for want of diversity,[1] and the district judge, after full inquiry, so finding and ordering,[2] plaintiff appealed.

Here he urges upon us: (1) that the evidence greatly preponderates against the order and it should be reversed; and (2) that, at any rate, it was error to dismiss the suit *with prejudice*.

Upon the first contention, that diversity was established and the order dismissing for want of jurisdiction should be reversed since the issue was simply one of fact, upon which plaintiff had the burden,[3] it will serve no useful purpose for us to set out, or otherwise canvass, the evidence. It is sufficient to say: that the record does not support appellant's view that the trial court's finding was without adequate basis; and that we cannot, and will not, disturb it.

Upon the second point, we, of course, agree with appellant, indeed appellees in oral argument admitted: that the provision in the order for dismissal *with prejudice* exceeded the power of the court; and that the order must be reformed to read, on its face, as it already reads in law, *without prejudice*.

Since, however, the order plainly declared that the dismissal was for want of jurisdiction and it is not, and cannot be, effective as a bar to another suit, the reformation will be without costs against appellees.

The order appealed from is reformed by striking out *with* and inserting *without* before prejudice, and, as reformed, it is affirmed.

1. "Come now * * * (the defendants) and move the Court to dismiss the complaint filed herein upon the following grounds, to wit:
"1. That this court lacks jurisdiction of the cause in that there is no diversity of citizenship of the parties as required by law; there is no Federal question involved herein * * *".

2. "It Is Thereupon Ordered and Adjudged that the said motions to dismiss filed by the defendants herein are hereby sustained and granted as to ground 1 thereof, and it is further ordered and adjudged that the complaint herein and this cause be and the same hereby is dismissed with prejudice at cost of plaintiff."

3. Town of Lantana, Florida, v. Hopper, 5 Cir., 102 F.2d 118.