SHANNON, Judge.
This is an interlocutory appeal from an order of dismissal entered by the lower court.
The appellant-plaintiff filed a suit seeking to foreclose a mechanic’s lien on certain properties owned by the appellee-de-fendant. The defendant moved to dismiss, challenging the court’s jurisdiction over his person upon the following ground:
“1. That the Court lacks jurisdiction over the Defendant for reason that the Defendant is a non-resident of the State of Florida and has not been served with process as required by Chapter 48 of the Florida Statutes [F.S.A.]”.
The chancellor, after argument of counsel, entered his order providing, in part, as follows:
“[T]he Court * * * finds that the Complaint herein is defective in that certain attachments, or exhibits, recited in the Complaint to be attached thereto were not so attached. Therefore, this Court:
“Does order, adjudge and decree That said Motion be, and the same is hereby sustained and this cause is hereby dismissed at the cost of the Plaintiff, with leave, however, to amend said Complaint by filing the exhibits referred to in the Complaint and making service of such Complaint, as amended, upon the Defendant as provided by law.”
The plaintiff amended his complaint by adding the missing exhibits and the defendant was served by constructive service. To this amended complaint the defendant filed a second motion to dismiss, but he did not raise the question of lack of jurisdiction over his person. This motion was denied, whereupon the defendant filed an answer and a counterclaim.
At a later stage in the proceedings below, the chancellor dissolved the mechanic’s lien and transferred the cause to the law side of the court. The defendant then made another motion to dismiss on the ground that the court lacked jurisdiction over his person. The court granted this motion, the case was dismissed, and the plaintiff has appealed. In the interim there were various motions, depositions, requests for admission, affidavits, and motion for summary decree.
It is the position of the plaintiff that the lower court in dismissing this cause misconstrued or incorrectly applied several rules of the Florida Rules of Civil Procedure; namely, 1.11(b), 1.11(g) and 1.11(h), 30 F.S.A. Among other things, these rules allow the defense of lack of jurisdiction over the person to be raised with other defenses in a motion or defensive pleading. Such a defense must be timely, however, and it necessarily follows that the defendant must raise this jurisdictional question *646 no later than at the time of his responsive pleading. If he does make a timely objection to the jurisdiction of the court over his person, such an objection is preserved even though the defendant participates in the trial. State ex rel. Eli Lilly and Company v. Shields, Fla.1955, 83 So.2d 271. However, if the defendant appears and does not make a proper and timely objection, then he is personally before the court for whatever course the case may later pursue.
In the case of State ex rel. Eli Lilly and Company v. Shields, supra, it was held that a defendant who has once raised properly the question of the court’s jurisdiction over his person is not prejudiced by participation in the trial and defending the matter on its merits. However, we cannot extend that rule to apply where the jurisdictional question is waived.
As it is seen in the instant suit an amended complaint was filed and service of process thereunder was pursued under the constructive process statute. Motion to dismiss the amended complaint was filed, but it did not raise a question of jurisdiction over the person. The motion was denied, and the defendant thereupon filed an answer to the merits and a counterclaim seeking affirmative relief. By not challenging the court’s jurisdiction over the person with respect to the amended complaint after constructive service was again sought, but instead making an attack upon the amended complaint as to its merits and thereafter setting up a defense to the merits through answer and seeking affirmative relief through a counterclaim, we must conclude that the defense of lack of jurisdiction was waived.
Since the defendant also asserted a counterclaim and sought affirmative relief while the case was still in equity, we see no merit in the argument that the transfer to law gave the defendant a new right to object to the jurisdiction over his person. The availability of this defense is governed by the rules noted above. If the defense is not raised as provided, then it must be considered waived. In this respect our rules are based on the • federal rules, and we are aided by the ■ interpretations of the federal courts. In Ferdig Oil Co. v. Wilson, 10 Cir., 1937, 91 F.2d 857, 859, the court said:
“ * * * The original suit was local, and the United States District Court was without power to acquire jurisdiction over the persons of nonresident defendants. The service of the subpoena upon their officers and upon the trustee of the common law trusts 'did not bring them into court personally, and the jurisdiction of the United States District Court of Wyoming would have extended no further than to adjudicate rights in property within the jurisdiction of that court, after warning orders had been issued to nonresident defendants as said section 118 provides. * * * But when the nonresident defendants came in with their answers to the merits and plead affirmative defenses on which they asked relief they submitted themselves and their rights in the controversy to the full jurisdiction of the court over their persons and over their property in which appellee claims an interest wherever situate. * *
See also Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 1944, 139 F.2d 871, 874, certiorari denied Orange Theatre Corp. v. Brandt, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573; 2 Moore’s Federal Practice 2262.
This case is reversed for further proceedings not inconsistent with this opinion.
Reversed.
ALLEN, C. J., and KANNER, J., concur.