HICKS v. OTTO et al.[1]

(Circuit Court, S. D. New York.    April 9, 1884.)

REHEARINGS IN EQUITY—APPLICATION.

> An application for a rehearing and to amend the answer on the ground of newly-discovered evidence will be denied where defendant in his affidavit merely alleges in general terms that "he has been eager to collect all material evidence," and "has made great exertion and every reasonable effort to defend the suit."   The applicant should state the facts so as to enable the court itself to determine whether reasonable diligence was used.

This was a suit in equity by James J. Hicks against Ferdinand G. Otto and others for alleged infringement of a patent.    The court having heretofore directed a decree for the complainant on the merits (19 Fed. 749), the defendants have now made an application to amend the answer, and for a rehearing on the ground of newly-discovered evidence.

Arthur v. Briesen, for plaintiff.
Louis W. Frost, for defendants.

WALLACE, Circuit Judge.    The application to amend the answer, and for a rehearing (19 Fed. 749), should be denied, because it does not satisfactorily appear that the facts constituting the new defense could not have been discovered, by the exercise of reasonable diligence, before the cause went to a hearing.    The complainant has conducted a difficult, protracted, and expensive litigation to a successful issue, and it would subject him to great hardship to compel him now to abandon the fruits, and meet a new defense.    It was his right to be apprised, by the answer, of the defenses which he would have to meet and overthrow, so that he could elect whether to proceed with his suit or abandon it.

Amendments of pleadings which introduce a new defense are permitted with great reluctance, in equity, after a cause has been set for hearing, and, after a hearing, are rarely allowed.    Walden v. Bodley, 14 Pet. 156, 160; Smith v. Babcock, 3 Sumn. 583, Fed. Cas. No. 13,008.    When the application is based upon the ground of newly-discovered evidence, a more liberal rule obtains; but courts of equity, as well as courts of law, in such cases, proceed with great caution, and extend no indulgence to the negligent.    Unless it appears affirmatively that the evidence could not have been obtained in due season, if the party applying had used all reasonable efforts in that behalf, the application will be denied.    It is due to the public interests, as well as to the immediate litigants, that rehearings for the purpose of letting in evidence which might and ought to have been introduced before the hearing should not be tolerated.    In no class of cases should the practice of allowing rehearings be more strictly guarded than in cases like the present, where the defense of prior

[1] This case has been heretofore reported in 22 Blatchf. 122, and is now published in this series, so as to include therein all circuit and district court cases elsewhere reported which have been inadvertently omitted from the Federal Reporter or the Federal Cases.

use is relied on to defeat the novelty of a patented invention, because it is seldom that a defendant cannot make it appear that he has discovered additional evidence in support of such a defense.

The defendant states in his affidavit, in general terms, that "he has been eager to collect all material evidence," and "has made great exertion, and every reasonable effort, to defend the suit." These are his conclusions, but, if the facts were specified, they might not be the conclusions of the court. Such generality of statement is not sufficient. If it could not be conscientiously made in almost every case, it could be, in every case, with facility and with entire safety.

The motion is denied.