ELLIS *v.* REYNOLDS.

*(Circuit Court, W. D. Pennsylvania.   June 1, 1888.)*

WRITS—SERVICE OF PROCESS ON ABSENT DEFENDANTS IN SUITS IN REM—SUPP.
    REV. ST. U. S. 176.
        The specific prayers of the bill being (1) for an account of lumber, etc., taken
    from demised premises; (2) for damages for defendant's breaches of covenant;
    (3) for the appointment of a receiver of demised premises, lumber, etc.,—*held,*
    that the suit was not one within the contemplation of the act which author-
    izes service upon non-resident defendants wherever found in suits "to enforce
    any legal or equitable lien upon, or claim to, or to remove any incumbrance
    or lien or cloud upon, the title to real or personal property within the district
    where such suit is brought."

In Equity.   *Sur* motion to rescind an order on an absent defendant to
appear, plead, answer, or demur, and to strike off the service thereof.

*B. J. Reid,* for complainant.

*J. O. Parmlee,* for defendant.

ACHESON, J.   The order of April 21, 1888, was made by me upon an
*ex parte* application, supported by the plaintiff's affidavit, beyond which·
I did not then look.   That affidavit brought the case within the terms
of the act of congress which authorizes such order and service where the
suit is brought "to enforce any legal or equitable lien upon, or claim to,
or to remove any incumbrance or lien or cloud upon, the title to real or
personal property within the district where such suit is brought."   Supp.
Rev. St. U. S. p. 176; Rev. St. § 738.   But upon a careful examination of
the bill, I am persuaded that the suit is not within the scope of the stat-
ute.   The first prayer of the bill is for an account of the lumber, etc.,
taken by the defendant from the demised premises, and a decree against
him for the balance due the plaintiff.   The second prayer is for a decree
in favor of the plaintiff for the damages he has sustained by reason of
the defendant's breaches of covenant.   These are the principal prayers,
and they disclose the substantial purpose of the suit.   They involve, it
is plain, only the personal rights and obligations of the parties.   The
third prayer of the bill, indeed, is for the appointment of a receiver, but
this is an auxiliary remedy, invoked as an aid to the principal relief
sought.   As the bill now stands, I do not see how the suit can be re-
garded as a proceeding *in rem,* within the contemplation of the act.   This
conclusion has been reached after consultation with Judge McKENNAN,
and with his concurrence.   And now, June 1, 1888, the order upon the
defendant made April 21, 1888, that he appear, etc., is rescinded, and
the service thereof upon him is set aside.