## NON-MAGNETIC WATCH Co. v. ASSOCIATION HORLOGERE SUISSE OF GENEVE et al.

*(Circuit Court, S. D. New York.    October 13, 1890.)*

1. WRITS—SERVICE BY PUBLICATION.
    In a suit to determine the title to a patent-right, a non-resident defendant cannot be served by publication under the judiciary act of 1875, § 8, providing for such service in suits "to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon, the title to real or personal property within the district."

2. SAME.
    On a motion for service by publication on a foreign corporation, the court cannot determine the question whether it is engaged in business in the district, and therefore bound by service had on its director.

In Equity.
*Briesen & Knauth*, for complainant.
*John H. Kitchen*, for defendants.

LACOMBE, Circuit Judge.    This is an application for an order directing service of process upon the defendant, a Swiss corporation, by publication.    The petition states that the suit is brought to remove a cloud upon "the title to certain letters patent" which it is claimed are the property of the complainant corporation, or rather of its receiver, and which "original letters patent, the subject-matter involved in this suit, are in the possession of [such receiver.]"    This statement is not technically accurate.    What the suit is concerned with is the title to the patent itself, —to the patent-right; and the mere custody of the letters evidencing the fact that such patent-right was originally granted to a particular inventor is immaterial.

The petitioner claims that he is entitled to the relief prayed for, under section 8 of the judiciary act of 1875, which provides for such service upon non-resident defendants when the suit is commenced "to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon, the title to real or personal property within the district where such suit is brought."    The various cases which were cited by the complainant's counsel interpreting this section are concerned either with real property, or with such tangible personal property as was susceptible of reduction to actual possession.    I cannot satisfy myself that the section covers (or was intended to cover) such incorporeal and intangible property as a patent-right, possession of which must of necessity be ideal, not actual, and which cannot be seized or sold under an

execution. *Stephens* v. *Cady*, 14 How. 528; *Stevens* v. *Gladding*, 17 How. 447. Statutes which undertake to give to courts jurisdiction over non-residents, who do not come within the district for purposes either of residence or business, should not be enlarged by too liberal construction, and in the absence of authority I must decline to make the order prayed for. It seems further from the moving papers that Louis Bornand, who is made a defendant, has been served with process, and has appeared personally. He is a director of the defendant corporation. Complainant asks for an order declaring that the service of process on defendant Bornand shall be deemed good and sufficient service on the defendant corporation. If that motion is based upon the statute already quoted, it should be denied for the reasons above given. If it is contended that the defendant corporation is in fact engaged in business in this district, (as the supplementary motion papers seem to indicate,) and therefore service upon the director is service upon the corporation, that question cannot be settled on such a motion. Unless it is raised by a motion on the part of the defendant corporation to set aside the service, it will be properly disposed of when the court comes to enter final judgment.