STANDARD GAS POWER CO. OF GEORGIA v. STANDARD GAS POWER CO. OF DELAWARE et al.

(District Court, N. D. Georgia. April, 16, 1915.)

No. 45.

COURTS ⬥➣ 344—JURISDICTION OF FEDERAL COURTS—LOCAL ACTIONS—SITUS OF PATENT RIGHTS—"PROPERTY."

A patent right is not such "property" as may have a situs in the district of the owner's residence, within Judicial Code (Act March 3, 1911, c. 231) § 57, 36 Stat. 1102 (Comp. St. 1913, § 1039), which authorizes service by publication on a nonresident defendant in a suit to enforce "any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon, the title to real or personal property within the district where such suit is brought."

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. ⬥➣344.]

In Equity. Suit by the Standard Gas Power Company of Georgia against the Standard Gas Power Company of Delaware, the Standard Gas Power Company of New England, and the New England Gas Producer Company. On plea to jurisdiction. Plea sustained.

Dorsey, Shelton & Dorsey, of Atlanta, Ga., for plaintiff.

Smith, Hammond & Smith, of Atlanta, Ga., for defendant Kelley, as trustee, etc.

Robt. C. & Philip H. Alston, of Atlanta, Ga., for defendant Standard Gas Power Co. of Delaware.

NEWMAN, District Judge. This is a bill filed by the plaintiff, who claims to hold, by an assignment from the inventor, certain patent rights in gas producers. It alleges that it made contracts with the defendant companies in which they became assignees of certain rights in the patents in consideration of certain royalties to be paid by them. It is alleged that these royalties have not been paid, and there are other claims as to the forfeiture by the assignees and licensees of their rights under the patents. The prayer of the bill is that all of the agreements and licenses made by the plaintiff or its licensees and assignees to any of the defendants, which are recited in the bill, be declared forfeited, and be canceled and set aside as a cloud upon the title of the plaintiff, and that the plaintiff be declared to be the owner of each and all of the patents and applications for patents in the United States and Canada, referred to therein, free and clear of all license agreements, charges, and incumbrances of every kind and nature.

The bill is filed and service is sought to be perfected under section 8 of the act of March 3, 1875, now section 57 of the new Judicial Code. The plaintiff claims that, being the owner of a patent, and being a citizen and resident of Georgia, it has the right to have service against the defendants under the act referred to. The claim is that the situs of the patent is that of the residence of the owner. The question in the case, and which has been fully argued, is whether a patent right is

⬥➣For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

such property as brings it within the act of Congress referred to. So much of the act as is material here is as follows:

"When in any suit commenced in any District Court of the United States to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon, the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur by a day certain to be designated, which order shall be served on such absent defendant or defendants, if practicable, wherever found, and also upon the person or persons in possession or charge of said property, if any there be; or where such personal service upon such absent defendant or defendants is not practicable, such order shall be published in such manner as the court may direct, not less than once a week for six consecutive weeks."

The definite question presented for determination here is whether or not this patent right, the ownership of which is in a company, a citizen and resident of this state and of this district, makes such tangible property within the district as justifies the court in proceeding against parties who are citizens and residents of other states and other districts, to remove a cloud upon the title to the same. The contention is that the citizenship and residence of the owner of the patent right being in this district makes the patent right property in this district, because location of the patent right would be where the owner's residence is.

The only case distinctly in point—that is, the only case where a patent right was claimed to be such property in the district as would bring it within the provisions of section 8 of the act of 1875 (section 57, New Judicial Code)—is Non-Magnetic Watch Co. v. Association, etc. (C. C.) 44 Fed. 6. This is a brief decision by Circuit Judge Lacombe, and is as follows:

"This is an application for an order directing service of process upon the defendant, a Swiss corporation, by publication. The petition states that the suit is brought to remove a cloud upon 'the title to certain letters patent' which it is claimed are the property of the complainant corporation, or rather of its receiver, and which 'original letters patent, the subject-matter involved in this suit, are in the possession of [such receiver].' This statement is not technically accurate. What the suit is concerned with is the title to the patent itself, to the patent right; and the mere custody of the letters evidencing the fact that such patent right was originally granted to a particular inventor is immaterial.

"The petitioner claims that he is entitled to the relief prayed for, under section 8 of the Judiciary Act of 1875, which provides for such service upon nonresident defendants when the suit is commenced 'to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon, the title to real or personal property within the district where such suit is brought.' The various cases which were cited by the complainant's counsel interpreting this section are concerned either with real property, or with such tangible personal property as was susceptible of reduction to actual possession. I cannot satisfy myself that the section covers (or was intended to cover) such incorporeal and intangible property as a patent right, possession of which must of necessity be ideal, not actual, and which cannot be seized or sold under an execution. Stephens v. Cady, 14 How. 528 [14 L. Ed. 528]; Stevens v. Gladding, 17 How. 447 [15 L. Ed. 155]. Statutes which undertake to give to courts jurisdiction over nonresidents, who do not come within the district for purposes either of residence or business, should not be enlarged by too liberal construction, and in the absence of authority I must decline to make the order prayed for. It seems further from the

moving papers that Louis Bornand, who is made a defendant, has been served with process, and has appeared personally. He is a director of the defendant corporation. Complainant asks for an order declaring that the service of process on defendant Bornand shall be deemed good and sufficient service on the defendant corporation. If that motion is based upon the statute already quoted, it should be denied for the reasons above given. If it is contended that the defendant corporation is in fact engaged in business in this district (as the supplementary motion papers seem to indicate), and therefore service upon the director is service upon the corporation, that question cannot be settled on such a motion. Unless it is raised by a motion on the part of the defendant corporation to set aside the service, it will be properly disposed of when the court comes to enter final judgment."

It will be perceived that Judge Lacombe says that he cannot satisfy himself that this section of the act of 1875 covers, or was intended to cover, such incorporeal and intangible property as a patent right. He further holds that the possession of this must necessarily be ideal and not actual, etc.

A number of other cases are cited, but the most important case, I think, is that of Chase v. Wetzlar, 225 U. S. 79, 32 Sup. Ct. 659, 56 L. Ed. 990. The opinion in this case is by the Chief Justice. One of the headnotes in this case expresses what is discussed and decided in the opinion on this particular question. The headnote is as follows:

"The jurisdiction conferred by section 8 of the act of 1875 rests upon a real and not an imaginary or constructive basis."

There must, under the act referred to, be "real or personal property within the district," and I agree thoroughly with the views expressed by Judge Lacombe that a patent right is not such "real or personal property" as would come within this language or within this act. A patent right is something granted by the Patent Office in Washington to an inventor, which "right" he may sell, transfer, or assign, and over which he has, until he divests himself of such "right," exclusive control; but it is not such real or personal property, in my opinion, as was contemplated by this act, such property as the court can seize and act upon as was intended by this law. And the existence of the patent right is co-extensive with the limits of the United States. I do not know that it has a situs anywhere, even if it were of such character as would justify the court in treating it as property under the act in question.

I am compelled to hold, therefore, that there was no basis here for entertaining this suit under section 8 of the act of Congress of March 3, 1875 (Judicial Code, § 57). Consequently service by publication was insufficient for the purpose of bringing the defendants into court.

The plea to the jurisdiction of the court must therefore be sustained.