MURPHY v. FORD MOTOR CO. et al.

(District Court, S. D. Ohio, W. D.   November 23, 1916.)

No. 108.

BANKRUPTCY ⬥300—SUBSTITUTED SERVICE—PROPERTY WITHIN DISTRICT—
CHOSES IN ACTION.

 In a suit by a trustee in bankruptcy to set aside as a preference an assignment of a debt owing to the bankrupt by a nonresident, where the debtor admitted the debt and offered to, but did not, pay the money into court, the court cannot obtain jurisdiction over the assignees, who were nonresidents of the district, by substituted service under Judicial Code (Act March 3, 1911, c. 231) § 57, 36 Stat. 1102 (Comp. St. 1913, § 1039), providing that, in any suit to enforce a lien on or claim to real or personal property within the district where the suit is brought, an absent defendant may be served with an order to defend wherever he may be found or by publication, since the jurisdiction conferred by that section rests on a real and not a constructive basis, and the existence of the property within the district is essential to the court's jurisdiction.

 [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 416, 449.]

In Bankruptcy. Action by Daniel W. Murphy, as trustee in bankruptcy of the K. E. Sentman Cut Leather Company, against the Ford Motor Company and Frank M. Bush and another, partners doing business under the firm name of the Hoosier Harness Company. On motion by the partners to quash the service, on the ground that the court has not acquired jurisdiction over them. Motion granted.

E. R. Donohue, of Cincinnati, Ohio, for trustee.
Matthews & Matthews, of Cincinnati, Ohio, for Hoosier Harness Co.
Murray M. Shoemaker, of Cincinnati, Ohio, for Ford Motor Co.

HOLLISTER, District Judge. This is a plenary suit instituted by a trustee in bankruptcy to set aside an alleged preference. The Ford Motor Company owed the bankrupt some $1,500. Within four months

———————

of the adjudication in bankruptcy, the bankrupt assigned its claim against the Motor Company to one of its creditors, Hoosier Harness Company, a partnership whose members are citizens of and residents in Indiana. The Ford Motor Company and the partners are made defendants. The Motor Company admits the debt by its answer, and is willing to pay the money into court, as soon as it is determined whether the trustee or the Harness Company is entitled to it. The money has not been paid.

Under section 57, Judicial Code, an attempt at substituted service on the partners was made by the trustee, claiming that his suit was to enforce a lien upon and remove a cloud upon his title to the amount admitted owed by the Motor Company as personal property "within the district" where he brings the suit. The partners move to quash the service on the ground that the court has not acquired jurisdiction over them for any purpose.

As I understand the claims of the respective counsel, there is no dispute that this is a proper plenary suit, and that this court, as a court of bankruptcy, has jurisdiction of the subject-matter. The only question, then, is as to jurisdiction of the person to the extent of property in this district. The trustee's counsel claim that the fund is in custody of the court, because of the offer of the Motor Company to pay the money into court, and that, therefore, the res, as well as personal property, is "within the district."

It may be granted that a chose in action is personal property, and may be asserted by its owner wherever he may happen to be, if he can get proper service. But this begs the question, for the claim of the Harness Company also, on the assignment to it, is a chose in action which it may assert in any jurisdiction in which it can obtain proper service. The purpose of the suit is to determine whether the trustee or the Harness Company is the owner of the chose in action against the Motor Company.

It is clear that if the Motor Company had refused to pay the trustee, he must go where he can serve the Motor Company; and so, if the Motor Company had refused to pay the Harness Company it (the Harness Company) would have to go to Michigan and institute proceedings there, or in some other jurisdiction in which the Motor Company could be found. The effect of that company's position is to refuse to pay either party until the court determines to whom the money ought to be paid.

It is said in Chase v. Wetzlar, 225 U. S. 79, 89, 32 Sup. Ct. 659, 663, 56 L. Ed. 990, that the jurisdiction conferred by section 57 rests upon a real and not an imaginary and constructive basis; that the existence of the property within the jurisdiction is essentially necessary to the exertion of the power of the court to render a binding decree; and that the statute (225 U. S. 88, 32 Sup. Ct. 663 [56 L. Ed. 990]) "exclusively deals with property which is within the district where a suit is brought and which property is therefore capable of being made subject to the dominion and resulting control of the court."

This debt of the Motor Company to the trustee, or to the Harness Company, as the case may be, is not personal property within this dis-

trict. This court has no possible control over it. On the bill and the answer of the Motor Company, justice to the latter, as well as to the Hoosier Harness Company, would not warrant a judgment against the Motor Company. The agreement of the Motor Company to pay the bankrupt for goods was a mere personal contract. The trustee may have the right to the money owed by the Motor Company, but the money is not within the district.

Of the many cases dealing with section 57, none seem to be exactly to the point; but one branch of Evans v. Scribner's Sons (C. C.) 58 Fed. 303, seems to contain the principle underlying this case. The complainant was a resident of the Northern district of Georgia and therein brought her bill against Scribner's Sons of New York and an insurance company of Wisconsin. One purpose of the bill was to set aside transfers to Scribner's Sons of insurance policies on the life of complainant's deceased husband, on the ground that they were obtained by duress and fraud. The insurance company in its answer acknowledged the existence of the policies and its indebtedness on the same, asked the protection of the court, and that the parties claiming it might be brought before the court before any action against it was had. It offered, when it should be so protected, to deposit in court the amount covered by the policies. Service was had under section 57 upon Scribner's Sons, who moved specially that the order of service and the service be set aside. It was said by Judge Newman (page 304):

"It appears that the policies are now in the state of New York, but the indebtedness is by a corporation of the state of Wisconsin. As to these policies, the suit does not seek to enforce 'any legal or equitable lien upon or claim to any property either real or personal'; neither does it seek 'to remove any incumbrance, lien, or cloud upon the title to any real or personal property.' Even if the insurance policies in issue could be said to be, in any fair sense, such personal property as is contemplated by the statute, the policies are in the state of New York, and not in this district."

It is true the court emphasized the fact that the policies were not within the district, but neither was the indebtedness, the money admitted to be due on the policies; nor did the court regard the offer of the insurance company to pay the money into court, as bringing the res within the control of the court. The same principle is found in Ellis v. Reynolds (C. C.) 35 Fed. 394, and in Non-Magnetic Watch Co. v. Association Horlogere Suisse of Geneva (C. C.) 44 Fed. 6, Jackson v. Hooper (C. C.) 171 Fed. 597, Stockbridge v. Phœnix Mut. Life Ins. Co. (D. C.) 193 Fed. 558, and Standard Gas Power Co. v. Standard Gas Power Co. (D. C.) 224 Fed. 990.

The trustee's right is transitory, not local, in nature, and his action upon it is transitory, and can be asserted anywhere where the proper defendants can be found. What he has may be personal property, as distinguished from real property, but the property he has is the right— if that right is established—to get the money upon the assertion of his right in a competent forum. If that right may be asserted anywhere where the one who owes the debt may be found, it is not personal property of such character within the district as to give the court exclusive dominion and control of it; hence his chose in action is not personal property within this district, and the court acquires no jurisdic-

tion by the attempt at substituted service on the partners constituting the Harness Company.

Their motion to quash the order, and the service under it is therefore granted.