## INDEPENDENT WIRELESS TELEGRAPH COMPANY *v.* RADIO CORPORATION OF AMERICA.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 87.   Petition for rehearing; denied March 1, 1926.

This Court will not examine a point raised for the first time in a petition for rehearing, after failure to raise it in the petition for certiorari, briefs, or argument of counsel.

ON PETITION to rehear, after the decision reported in 269 U. S. 459.

*Mr. William H. Davis,* for petitioner.

*Mr. John W. Davis,* with whom *Mr. James J. Cosgrove* was on the brief, for respondent.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This is a petition for rehearing of a case in which the opinion was handed down January 11th last. The case

was a bill in equity in the District Court for the Southern District of New York, filed by the Radio Corporation to enjoin the Independent Wireless Company from infringing the rights of the Radio Company, which were averred in its bill to be those of an exclusive sub-licensee of the patentee, the De Forest Radio Telegraph & Telephone Company, in respect of the use of certain radio apparatus for commercial communication between ships and shore for pay. The Radio Company made the De Forest Company co-complainant in the bill, reciting that it had asked the De Forest Company to become a co-complainant, and that it had refused, that the De Forest Company was a resident of Delaware, was beyond the jurisdiction of the District Court for the Southern District of New York, and could not be served with process, and that under such circumstances it had the right to use the name of the De Forest Company as co-complainant without its consent. A motion to dismiss the bill was granted by the District Court for lack of the presence of the patentee as a party, and an appeal was taken from the decree of dismissal to the Circuit Court of Appeals. The latter court reversed the decree of dismissal and remanded the case for further proceedings. Thereupon an application was made to this Court for certiorari, and the certiorari was issued. In the opinion already rendered, January 11th last, this Court held that the Radio Corporation properly made the De Forest Company a co-complainant with it in the bill without its consent, and therefore that the action of the Circuit Court of Appeals in reversing the decree of the District Court dismissing the bill was right. The petition for rehearing on behalf of the Independent Wireless Company now filed, raises the question whether the Radio Corporation is an exclusive sub-licensee of the patentee, the De Forest Company, under the contracts, from which the Radio Company derives its rights, and which are exhibits to the bill. It is the first time that this question has been made in this Court. The bill which was dis-

missed makes the specific averment that the Radio Corporation did have the rights of an exclusive licensee. Both the District Court and the Circuit Court of Appeals found from the contracts as exhibited that the Radio Company had the exclusive rights as sub-licensee which it claimed.   The briefs for the Independent Wireless Company did not raise any question on this point in this Court, nor was it mentioned in that Company's petition for certiorari.   Its whole argument therein was devoted to the issue whether, assuming that the Radio Company was an exclusive licensee, it could make the patentee company, the De Forest Company, a co-complainant.   As the District Judge remarked in his opinion, the contracts out of which the Radio Company's alleged exclusive license arises are complicated, and this Court, in view of the decision of both the lower courts, holding such exclusive rights in the Radio Company as a licensee to exist, decided the case on the basis of those rights.   In view of the course of the Independent Wireless Company in not making this point in its petition for certiorari, briefs or argument, we do not purpose to examine this question now raised for the first time.   Our writ of certiorari was granted solely because of the importance of the question of patent practice decided in our opinion already announced.   However, as the case must now be remanded to the District Court for further proceedings, we have no wish by action of ours to preclude the defendant below from making the point unless it is prevented by his course in the courts below. We therefore direct the mandate to include a provision that the further proceedings to be taken shall be without prejudice, by reason of anything in the opinion or decree of this Court, to the right of the Independent Wireless Company to raise the issue, by answer or otherwise, whether the Radio Corporation has the rights as an exclusive sub-licensee, which it avers in its bill.   With this reservation, the petition for rehearing is denied.

*Petition denied.*