## BASSICK MFG. CO. v. ADAMS GREASE GUN CORPORATION.

### Nos. 142, 143.

Circuit Court of Appeals, Second Circuit.

Oct. 19, 1931.

On Motion to Recall and Modify Mandate Dec. 1, 1931.

For original opinion, see 52 F.(2d) 36.

Lynn A. Williams, of Chicago, Ill. (Stephen H. Philbin and Fish, Richardson & Neave, all of New York City, and Williams, Bradbury, McCaleb & Hinkle, of Chicago, Ill., of counsel), for plaintiff.

Alfred W. Kiddle, Wylie C. Margeson, and Henry T. Hornidge, all of New York City, for defendant.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

Upon petition for rehearing with respect to claims 14 and 15 of Gullborg patent, No. 1,307,734, Adams Grease Gun Corporation has insisted that purchasers from the plaintiff of Alemite pin fittings, separately patented under Gullborg patent, No. 1,307,733, have an implied license to use them in the only way possible, namely, in the patented combination, and that the seller is estopped to assert the contrary and to charge defendant with contributory infringement by furnishing grease gun and coupler for such use.

The defense of implied license or estoppel was not pleaded below, nor was it mentioned in the defendant's brief upon appeal. It might, indeed, be now disposed of upon the principle that it is too late to present a question for the first time on a petition for rehearing. Independent Wireless Co. v. Radio Corp., 270 U. S. 84, 46 S. Ct. 224, 70 L. Ed. 481; Merriman v. Chicago & E. I. R. Co., 66 F. 663, 664 (C. C. A. 7); A. F. Withrow Lumber Co. v. Glasgow Inv. Co., 106 F. 363, 364 (C. C. A. 4); Hull v. Burr, 207 F. 543, 544 (C. C. A. 1).

Had the issue been framed and tried in the court below, no doubt the evidence as to the plaintiff's method of selling would have been more clear. As it is, counsel are in dispute as to just what the record shows on this subject. The method of selling appears to be to supply automobile manufacturers and dealers with a stock of fittings, guns, and couplers, separately priced, and to let them

equip the cars, putting on as many fittings as may be necessary and adding a gun and coupler. The various parts are also sold separately for replacements. We find no evidence that defendant has ever sold its gun and snap-on coupler to any one for use in conjunction with Alemite pin fittings which had been purchased independently of an Alemite gun and coupler. As we held in General Electric Co. v. Continental Lamp Works, 280 F. 846, the defendant has the burden of proof to establish an implied license, and, if we were now to consider the question, despite its belated presentation, we should hold that that burden had not been carried.

We adhere to our former opinion.

On Motion to Recall and Modify Mandate.

After the mandate of this court had gone down, Adams Grease Gun Corporation (hereafter referred to as the defendant) moved that the mandate be recalled and amended to allow the defendant to apply to the District Court for permission to amend its answer by including therein the defense of implied license or estoppel and to reopen the proofs to take newly discovered evidence to establish such defense. The evidence, it is alleged, will show that, to some extent prior to the time of the trial and to an increasing extent thereafter, the plaintiff abandoned its former practice of selling its hand gun and coupler to car manufacturers who equipped their cars with Alemite pin fittings, and adopted the practice of selling its pin fittings with the knowledge and intent that cars equipped with such pin fittings would be sold to purchasers without any gun or coupler for use with such fittings and would be greased at public greasing stations without regard to the make of gun to be used for such greasing.

This case was tried in June, 1929, was decided by the District Judge in March, 1930, and was argued on appeal in February, 1931. Of the eleven car manufacturers who have abandoned, according to the moving affidavit, the practice of supplying hand guns for cars equipped with plaintiff's Alemite pin fittings, one did so prior to the starting of this suit, three others prior to the trial, three more prior to the District Court's decision, and the remaining four several months prior to the argument on appeal. There is no showing that these facts were not readily accessible to the defendant at all times. Apparently all that was necessary to obtain them was to write or interview the various car manufacturers, for this is all the defendant finally did on October 24, 1931, after hope of suc-

ceeding on the issues as framed by the original pleadings had been ended by denial of a petition for rehearing. It is well established, and on sound reasons, that the right to a rehearing for newly discovered evidence is conditioned upon diligence in discovering it and bringing it to the attention of the court. Particularly is this true where a party seeks to amend the pleadings and make a substantially new and different case after litigating to an unsuccessful finish the issues as originally framed. Walden v. Bodley, 14 Pet. 156, 160, 10 L. Ed. 398; Lockwood v. Cleveland, 20 F. 164 (C. C. N. J.); Hicks v. Otto, 85 F. 728 (C. C. N. Y.); Toledo Scale Co. v. Computing Scale Co., 261 U. S. 399, 43 S. Ct. 458, 67 L. Ed. 719. Litigation must have some end, and, after parties have had a full and fair opportunity to frame and try their controversies, the loser may not change his base and have a new hearing on evidence which he at first thought immaterial or which he failed to discover because of lack of diligence.

Accordingly the motion will be denied. We do not pass upon the question whether sales, if there be such, by plaintiff of Alemite pin fittings without a proper complement of its own grease guns, and not in replacement of fittings originally sold with such a complement, gave an implied license to the purchasers to use guns of any other manufacturer to complete the combination.

Motion denied.