**RAINBOW RUBBER CO. et al. v. HOL-TITE MFG. CO., Inc.**

No. 2509.

District Court, D. Maryland.

Oct. 26, 1937.

Clarke & Doolittle and Wm. G. Doolittle, all of Pittsburgh, Pa., and Thomas W. Y. Clark, of Baltimore, Md., for plaintiffs.

Simon E. Sobeloff, of Baltimore, Md., for defendant.

WILLIAM C. COLEMAN, District Judge.

The question presented for decision arises upon a motion of the defendant, the Holtite Manufacturing Company, a Maryland corporation, to dismiss a bill of complaint in a patent infringement suit brought by the Rainbow Rubber Company, a Penn-

sylvania corporation. The ground for the motion is that the Rainbow Rubber Company has joined the Auburn Rubber Corporation, a Delaware corporation, as a party plaintiff without its consent, as is alleged in the bill of complaint; that by various assignments the Rainbow Company and the Auburn Rubber Corporation are each owners of an undivided one-half of the patent; that, therefore, both are indispensable parties plaintiff to the present suit, but that this court has no jurisdiction over the Auburn Corporation since it has not consented to become or to be made a party plaintiff. Since the defendant company is a Maryland corporation, the jurisdictional requisite for a patent case is otherwise satisfied. 28 U.S.C.A. § 109.

The pertinent facts as disclosed by the bill of complaint are as follows: The patent in suit was originally applied for by one Keiser on November 17, 1923. While this application was pending, Keiser assigned his entire right, title, and interest in the invention disclosed by the patent to Regal Rubber Company. This assignment was duly recorded, and the patent was issued to that company on April 7, 1925. Then, through a series of subsequent assignments, the Auburn Rubber Corporation, on December 10, 1928, became the absolute owner of the entire right, title, and interest in an undivided half of the invention, the assignment to this company being duly recorded in the Patent Office on July 1, 1929. Likewise, by assignment dated April 13, 1936, and recorded April 30, 1937, the Rainbow Company became the owner of the entire right, title, and interest in the other undivided one-half of the invention. In short, these two companies are co-owners of the entire patent and all rights thereunder. The bill of complaint merely recites that the Auburn Corporation was asked to join in the suit as a coplaintiff but declined, without stating the reasons for such declination. The bill of complaint further recites that the Auburn Corporation is not within the jurisdiction of the court, so cannot be made a defendant in the present proceeding, and therefore, to prevent a failure of justice and to enable the Rainbow Company to protect its rights under the patent in suit, the Auburn Corporation has been joined as a plaintiff without its consent.

■ We find that the motion to dismiss the bill of complaint must be granted for the following reasons: First, because of their co-ownership, both of the named plaintiffs are indispensable parties to the suit, pursuant to Equity Rule 37, 28 U.S. C.A. following Section 723, which provides: "* * * Persons having a united interest must be joined on the same side as plaintiffs or defendants, but when any one refuses to join, he may for such reason be made a defendant * * *." The Auburn Corporation is a Delaware corporation, and is not doing business in the district of Maryland. Therefore, it is not subject to the jurisdiction of this court, and cannot be made a party defendant. It is well established in this country that co-owners of patent rights must sue jointly in an infringement proceeding. See Waterman v. MacKenzie, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923; Southern Textile Machinery Co. v. Fay Stocking Co. (D.C.) 243 F. 917, reversed on other grounds (C.C.A.) 259 F. 243; Walker on Patents (6th Ed.) § 449. It is urged upon us that there is some authority to the contrary in England. For example, in Dent v. Turpin, 2 J. & H. 139, a decision of the High Court of Chancery in 1861, it was held that the plaintiff as co-owner of a trade-mark infringed by the defendant could sue without joining the other co-owner, where what was sought to be recovered was only so much of defendant's profits, as a result of the infringement, as the actual party plaintiff might appear to be entitled to. This case was stressed in Sheehan v. Great Eastern Railway, L.R. 16 Ch.Div. 59, where it was held that one co-owner of a patent can sue either for an injunction or an accounting without joining the other co-owners. This latter case, however, involved a claim for royalties, and apparently assumed the question of infringement as well as of validity of the patent to be settled in favor of the plaintiff. It also appears from the opinion that while the plaintiff, if objection had been taken earlier, might, under the British practice, have joined the other co-owners as defendants, he could not have joined them as plaintiffs without their consent. Thus, neither of these English cases is parallel to the present case. Even if they were, whatever persuasive authority they might have, would seem to be overcome by the rule in this country as announced in Waterman v. MacKenzie, supra.

■ We find no parallel American decision. However, counsel for the actual plaintiff in the present suit, the Rainbow Rubber Company, contend that the joinder of the Auburn Rubber Corporation as a

party plaintiff against its consent is, under the present circumstances, justified by implication from what is said in Independent Wireless Co. v. Radio Corporation of America, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357, wherein the Supreme Court held that an exclusive patent licensee might join as a coplaintiff without his consent a hostile owner of the patent which was outside the jurisdiction. In this case, however, the court appears to have based its decision primarily, if not entirely, upon the peculiar relationship between the licensor-owner and its exclusive licensee, that is to say, upon a trust relationship, the licensor being in effect the guardian or trustee for its ward or cestui que trust, its exclusive licensee. Chief Justice Taft, rendering the opinion of the court, said (269 U.S. 459, at page 469, 46 S.Ct. 166, 169, 70 L.Ed. 357): "It seems clear, then, on principle and authority, that the owner of a patent, who grants to another the exclusive right to make, use, or vend the invention, * * * holds the title to the patent in trust for such a licensee, to the extent that he must allow the use of his name as plaintiff in any action brought at the instance of the licensee in law or in equity to obtain damages for the injury to his exclusive right by an infringer, or to enjoin infringement of it." The court further indicated that there was an obligation on the part of the licensor to allow the use of its name in suits brought for patent infringement by the licensee, stating (269 U.S. 459, at page 473, 46 S.Ct. 166, 171, 70 L.Ed. 357): "The objection by the defendant that the name of the owner of the patent is used as a plaintiff in this suit without authority is met by the obligation the owner is under to allow the use of his name and title to protect all lawful exclusive licensees and sub-licensees against infringers, and by the application of the maxim that equity regards that as done which ought to be done. * * * The court should on these grounds refuse to strike out the name of the owner as coplaintiff put in the bill under proper averment by the exclusive licensee."

Obviously no trust relationship exists between the two co-owners of the patent in the present suit. Each has a separate, independent right which he may lawfully exercise. He is under no obligation to allow his name to be used in any suit. That there is this fundamental dissimilarity between the Independent Wireless Company Case and the present case is confirmed by what was said by the Supreme Court in its later opinion denying a petition for rehearing in the Independent Wireless Company Case, 270 U.S. 84, 46 S.Ct. 224, 70 L.Ed. 481. The basis for the petition for a rehearing was an attempt to show that the licensee was not an exclusive licensee. However, the court denied the petition, since this point had not previously been raised and was, in fact, in contradiction of the facts as disclosed by the bill as originally dismissed. In denying the petition for a rehearing, the court remanded the case without prejudice to the right of the Independent Wireless Company to raise this issue in the lower court. This would seem to confirm the view which we take that nothing which the Supreme Court said is to be taken as covering the present case, for, if we assume that the Independent Wireless Company could have proved that its licensee was not an exclusive one, there would then have remained in the Independent Wireless Company something more than a bare or nominal, legal title, and it is reasonable to infer that the Supreme Court considered that a patent owner in such event could not be joined against his consent, because otherwise the Court might well have denied the petition without reservation, on the ground that it made no difference whether the patent owner stood in the position of a quasi trustee or not,—that is to say, that in either case, he could be joined even though not consenting.

A closer analysis of the rights of one co-owner of a patent as against another co-owner will corroborate the view which we take that the Auburn Rubber Corporation cannot be joined as a party plaintiff against its consent. For example, one co-owner of a patent right, whatever his undivided interest may be, may exercise that right as he pleases, regardless of the consent of any co-owner. Thus, no recovery of profits or damages can be had against such a co-owner if, without the consent of the others, he makes, uses, or sells the patented invention. That is to say, he may, at will, make, use, or sell the patented invention or license others to do so, and neither he nor his licensees may be enjoined from so doing. No recovery of profits or damages may be had against his licensees at the suit of any other co-owner of the patent. See Blackledge v. Weir & Craig Mfg. Co. (C.C.A.) 108 F. 71; Lalance & Grosjean Mfg. Co. v. National Enameling Co. (C.C.) 108 F. 77; Paulus v.

M. M. Buck Mfg. Co. (C.C.A.) 129 F. 594; Drake v. Hall (C.C.A.) 220 F. 905; Central Brass & Stamping Co. v. Stuber (C.C.A.) 220 F. 909. Therefore, if it be a fact that the Auburn Rubber Corporation has given a license to the defendant company covering its own undivided interest in the patent, this is something it had a perfect right to do, regardless of the consent of the Rainbow Rubber Company. So, on this state of facts, obviously the defendant's position cannot be said to be adverse to that of the Auburn Rubber Corporation. However, we are not called upon to analyze the reason for the Auburn Rubber Corporation's refusal to join in the suit as a party plaintiff, because no reason is, in fact, given in the bill of complaint, nor is any required in view of the independent position, as just explained, which the Auburn Rubber Corporation has a right to assume with respect to its undivided interest in the patent.

Second, careful consideration has been given to an additional point not raised in argument as to whether the absent, non-assenting Auburn Rubber Corporation might be brought within the jurisdiction of this court for the purposes of the present suit by resort to substituted service as provided in section 57 of the Judicial Code (28 U.S.C.A. § 118) with respect to absent defendants in suits to enforce legal or equitable liens, or to remove encumbrances or clouds upon title to real or personal property. Suffice it to say we know of no case where such substituted service has been made applicable to a patent suit of this kind. Indeed, this court, in Standard Stoker Co. v. Lower (D.C.) 46 F.(2d) 678, held it inapplicable to a suit involving the assignment of a patent. The express language of section 57 of the Judicial Code (28 U.S.C.A. § 118) requires as a condition precedent to its being invoked that there shall be "real or personal property within the district where such suit is brought." A patent gives to the patentee nothing more than an intangible property interest; namely, the right to exclude others from the use of the patent. See Motion Picture Co. v. Universal Film Co., 243 U.S. 502, 37 S.Ct. 416, 61 L.Ed. 871, L.R.A.1917E, 1187, Ann.Cas.1918A, 959; Paper Bag Patent Cases, 210 U.S. 405, 28 S.Ct. 748, 52 L.Ed. 1122; Bloomer v. McQuewan, 14 How. 539, 14 L.Ed. 532. Thus, a patent, for the purposes of this section, may not be considered as a res with a definite situs within the district where suit is brought,

and the existence of these facts is an indispensable condition to the jurisdiction over absent parties under this section. See, also, Non-Magnetic Watch Co. v. Association, etc. (C.C.) 44 F. 6; Automotive Products Corp. v. Wolverine B. & S. Co. (C.C.A.) 15 F.(2d) 745, certiorari denied, 275 U.S. 565, 48 S.Ct. 122, 72 L.Ed. 429; and Standard Gas Power Co. of Georgia v. Standard Gas Power Co. of Delaware (D.C.) 224 F. 990. There is a further indispensable condition to the jurisdiction over absent parties under this section, and that is, that the absent party must in fact be an adverse party; that is to say, that the absent party must have made an express or implied assertion of adverse ownership or encumbrance. Thus, cases such as Burpee v. Guggenheim (D.C.) 226 F. 214, which, prima facie, may appear to hold contrary to the conclusion here reached, are not, in fact, opposed to it, because dealing with absent party claims which were adverse to the plaintiff's asserted interest. Since, as we have seen, there is nothing so far in the present suit to indicate that the Auburn Rubber Corporation has done anything adverse to the Rainbow Rubber Company's interest in a legal sense, that is to say, nothing that it did not have a right to do, this further prerequisite to jurisdiction over absent parties under section 57 of the Judicial Code (28 U.S.C.A. § 118) is lacking.

In dismissing the present bill of complaint, as this court feels it must do under existing circumstances, it is not unmindful of the fact as clearly explained in the Independent Wireless Company Case, supra, that equity should not suffer a wrong to exist without a remedy. In the present case, it is not in fact the court that is setting up the barrier to the actual plaintiff, the Rainbow Rubber Company, but the actual plaintiff has done this to itself by reason of its own voluntary action, to wit, its election to assume the status of a part owner merely of a patent, with the limitations and restrictions inherent in the law incident to such status. The position in which this plaintiff finds itself is not uncommon in the law. For example, it is akin to that of a tenant by the entireties of real property or a joint owner of a bank account, who, having voluntarily entered into a status of this kind, finds himself unfortunately faced with inability to get his cotenant or codepositor to join with him in asserting his rights. In these and other similar situations, the consent of the

absent parties is as indispensable as in the present case, before courts can assume jurisdiction. The monopoly granted to a patentee is for one entire thing. If that monopoly is infringed at all, the infringement affects any one to whom belongs any part of the monopoly. Conversely, the person claimed to infringe the monopoly should not be subjected to a multiplicity of infringement suits by various co-owners of the monopoly, but is equally entitled to have his action determined in one suit. If one or more co-owners do not want a test, this is the risk which other co-owners run.