**UNITED STATES et al. v. RODIEK.**

No. 67.

Circuit Court of Appeals, Second Circuit.

June 6, 1941.

For former opinion, see 117 F.2d 588.

Reuben D. Silliman, of New York City (Russell C. Gay and Sherwood E. Silliman, both of New York City, of counsel), for appellant.

Mathias F. Correa, U. S. Atty., of New York City, Francis M. Shea, Asst. Atty. Gen., and Harry LeRoy Jones and Frederick L. Smith, both of Washington, D. C. (George G. Schoonmaker, Asst. U. S. Atty., of New York City, and Frederick Bernays Wiener, Sp. Asst. to Atty. Gen., of Providence, R. I., of counsel), for appellees.

Before SWAN, CHASE, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

■ A judgment for the plaintiffs, entered upon a directed verdict, was affirmed by this court in United States v. Rodick, 117 F.2d 588. By petition for rehearing the appellant asks us to modify the judgment and direct the district court "to disallow the interest, determine the amount of credits to be deducted for income taxes paid to the United States which would not have been payable by a German, ascertain the proper estate tax deduction, and pro-

vide that administration expenses, executors' commissions and reasonable counsel fees shall have priority." None of these contentions was presented by brief or argument when the appeal was heard. Consequently, the petition might be summarily denied on the principle that new questions cannot be raised on a petition for rehearing. Independent Wireless Tel. Co. v. Radio Corp., 270 U.S. 84, 46 S.Ct. 224, 70 L.Ed. 481; Bassick Mfg. Co. v. Adams Grease Gun Corp., 2 Cir., 54 F.2d 285. But in view of the interesting character of the problems presented and the petitioner's insistence that the judgment is unconscionable, we prefer to say something with respect to the merits of his contentions.

■ The complaint sought recovery of $881,298.38, together with interest from the respective dates of the payments aggregating that sum, paid to Hackfeld between June 7, 1924, and August 20, 1931. The theory of the complaint was two-fold: (1) That the payments were induced by fraudulent misrepresentations and (2) that they resulted from mistake of law and fact. In directing a verdict for the plaintiffs, the trial judge stated that "the amount of the recovery with interest to April 4, 1939, is $1,604,632.45." Apparently no question as to the amount of interest was raised during the trial, but the petitioner now urges that since the case was decided on the theory of restitution of money paid to Hackfeld under a mistake of law as to his citizenship, interest is recoverable only in response to considerations of fairness. See Board of Com'rs v. United States, 308 U.S. 343, 352, 60 S.Ct. 285, 84 L.Ed. 313; Sanborn v. United States, 135 U.S. 271, 281, 10 S.Ct. 812, 34 L.Ed. 112. Am.L.Inst.Restitution, §§ 63, 156. In harmony with this principle, interest should start only from the date of the plaintiffs' demand for restitution, i.e., the commencement of suit, if the litigation involved no issue but an innocent mutual mistake. Washington Ry. & Elec. Co. v. Washington B. & A. Electric R. Co., 59 App.D.C. 15, 32 F.2d 406, 410; La Parr v. City of Rockford, 7 Cir., 100 F.2d 564, 568; Williston Contracts, Rev.Ed. (1937) § 1415. But the litigation did involve other issues. Evidence was offered tending to prove that the payments were induced by fraudulent misrepresentations. If fraud were established, the payments would bear interest from the dates of their receipt by Hackfeld. See Jones v. United States, 258 U.S. 40, 49, 42 S.Ct. 218, 66 L.Ed. 453; United

States v. United States Fidelity & Guaranty Co., 236 U.S. 512, 528, 35 S.Ct. 298, 59 L.Ed. 696; Am.L.Inst.Restitution § 156, Comment a. Had the defendant questioned at the trial his liability for interest, the judge might have thought it expedient to submit to the jury the issue of fraud instead of directing a verdict on the theory of mistake of law. Obviously we ought not to reduce the interest without remanding the cause for a trial of the fraud issue. The petitioner does not ask us to do that; he asks us to "direct" the district court to disallow the interest. Certainly we should not grant that request. Aside from the question of fraud, in so far as the allowance of interest is a matter of discretion based on considerations of fairness, we cannot give such a direction unless convinced that the district court has abused its discretion. Cf. In re Paramount Publix Corp., 2 Cir., 85 F.2d 42, 44, 106 A.L.R. 1116. Although the district judge did not state what factors he considered in determining the amount of interest, he did say, in explaining to the jury his reasons for directing a verdict: "I am satisfied also that Hackfeld never considered himself other than as a German citizen." He then proceeded to specify facts which led him to that conclusion. It would appear, therefore, that he did not regard the payments as resulting from an entirely innocent mistake on the part of Hackfeld. If that be so, we cannot say on this record that he abused discretion in starting interest from the receipt of the payments. See Jacobs v. Adams, 1 Dall. 52, 1 L.Ed. 33. Furthermore, since the petitioner seeks to be relieved from the judgment on grounds of fairness, he should convince us that it is unconscionable in amount. He has not done so. From June 7, 1924, when the great bulk of the payments were received, until the passage of the Settlement of War Claims Act of March 10, 1928, 45 Stat. 254, 50 U.S.C.A.Appendix § 9 et seq., he enjoyed without right the use of the entire sum. Because of that Act the plaintiffs demanded the return of only 20% thereof with interest. The petitioner has been charged no interest for the use of the other 80% during the years that he held it without right. How much he profited thereby does not appear.

The petitioner's second point requests us to direct the district court to determine the amount of credits to be deducted for income taxes paid by Hackfeld for which as a German he would not have been liable. Although no claim for refund was ever filed, the petitioner contends that on principles enunciated in Bull v. United States, 295 U. S. 247, 261, 55 S.Ct. 695, 79 L.Ed. 1421, and Stone v. White, 301 U.S. 532, 534, 57 S.Ct. 851, 81 L.Ed. 1265, he was entitled to recoup against the plaintiffs' demand the amount by which the United States was overpaid in income taxes.

Assuming without decision that such recoupment could have been had under the pleadings, it is a sufficient answer that no proof was offered to show what Hackfeld's taxes should have been, that is, the amount of the unjust enrichment of the United States was not proved. There must come an end to litigation. An appellant is not entitled to have the cause remanded to enable him to establish a defense which he made no effort to prove on the trial. In addition it may be noted that this court said in National City Bank v. Helvering, 2 Cir., 98 F.2d 93, 96 that if a taxpayer "holds with claim of right, he should be taxable as an owner, regardless of any infirmity of his title." See North American Oil Consolidated v. Burnet, 286 U.S. 417, 424, 52 S.Ct. 613, 76 L.Ed. 1197, for like language. Similar considerations dispose of the petitioner's request for credit of the estate tax.

Finally, we are asked to provide that administration expenses, executor's commissions and counsel fees shall have priority over the judgment. These are matters to be determined by the surrogate's court, to which the plaintiffs will have to apply in enforcing the judgment. We cannot exercise appellate jurisdiction over its determination.

For the foregoing reasons we are content to adhere to our former opinion and to deny the petition for rehearing. It is so ordered.