UNIVERSAL CITY STUDIOS, INC., Plaintiff,

v.

NINTENDO CO., LTD. and Nintendo of America, Inc., Defendants.

No. 82 Civ. 4259 (RWS).

United States District Court, S.D. New York.

Dec. 24, 1985.

---

Wachtell, Lipton, Rosen & Katz, New York City, for plaintiff; Stephen M. Barna, of counsel.

Mudge, Rose, Guthrie, Alexander & Ferdon, New York City (John J. Kirby, Jr., Thomas G. Gallatin, Jr., Robert J. Gunther, Jr., of counsel), Sax & MaCiver, Seattle, Wash., for defendants.

## OPINION

SWEET, District Judge.

Plaintiff/counterclaim defendant Universal City Studios, Inc. ("Universal") has brought a motion pursuant to Rule 59(a), Fed.R.Civ.P., for a partial new trial in the interests of substantial justice. Alternatively, Universal moves pursuant to Rule 11, Fed.R.Civ.P. for a hearing to determine whether Universal is entitled to recover attorneys' fees incurred in defending against defendant Nintendo Co., Ltd. and Nintendo of America, Inc. (collectively, "Nintendo") counterclaims for misappropriation of property and unjust enrichment. Nintendo opposes these motions and further seeks Rule 11 sanctions against Universal for filing the present motions. For the following reasons, Universal's motions will be denied, and Nintendo's cross-motion will be denied.

**Prior Proceedings**

In April, 1982, Universal initiated this action against Nintendo claiming that by Nintendo's use of a gorilla in its Donkey Kong game, Nintendo had violated Universal's King Kong rights under Section 43(a) of the Lanham Act, section 368–d of the New York General Business Law, and state common law. On cross-motions for summary judgment, Nintendo's defenses to Universal's claims of infringement were upheld, and the complaint was dismissed. 578 F.Supp. 911 (S.D.N.Y.1983). On appeal, the grant of summary judgment was upheld on the ground, that there was no likelihood of confusion between Donkey Kong and King Kong. 746 F.2d 112 (2d Cir.1984). Familiarity with those opinions is assumed.

The parties continued with discovery on the unresolved Nintendo counterclaims of misappropriation, unjust enrichment, tortious interference and vicarious infringement of copyright. Following a bench trial conducted from May 20 to May 28, 1985, by opinion dated July 29, 1985, Nintendo's counterclaim for unjust enrichment was denied while its counterclaims for vicarious copyright infringement and tortious interference with contractual relations were granted. Attorneys' fees expended by Nintendo were awarded on alternative grounds, as punitive damages; under 17 U.S.C. § 505; under 15 U.S.C. § 1117; and under Fed.R.Civ.P. 11. Following the filing of the July 29 opinion and the ensuing judgment, the instant rule 59(a) and Rule 11 motions were made.

**Discussion**

The principal issue raised by Universal's motion for a partial new trial pursuant to Rule 59 is whether it would be in the interests of "substantial justice" to permit Universal to introduce the testimony of Stephen A. Kroft, Esq. ("Kroft"), a member of the California bar, and one of Universal's primary legal advisors both in litigation matters generally and in this particular action. Kroft was never called to testify in opposition to Nintendo's counterclaims and was, as his affidavit on this motion demonstrates, "stunned" by the court's findings in the July 29 opinion. The central issue on which his testimony would have been relevant was whether Universal initiated this action in "good faith."

The July 29 opinion held that a determination of Universal's good faith depended on the totality of the circumstances regarding Universal's reliance on advice of counsel and not the mere fact that an affirmative legal opinion was rendered. *See* July 29 opinion at 44. In evaluating the totality of the circumstances, it was deemed pertinent that: "whatever advice of counsel Universal received, it was insufficient to identify a cognizable right approaching that asserted in the complaint and was proffered without research or memoranda analyzing the claim." *Id.* In addition, a number of facts were found relative to the good faith issue, particularly Universal's termination of the King Kong licensing program, and the conduct of the licensing of the Tiger game.

Universal now urges that because "it had no reason to anticipate" that Kroft's basis for his opinion was relevant it has suffered prejudice on the basis of "unfair surprise." *Cf. Conway v. Chemical Lehman Tank Lines, Inc.,* 687 F.2d 108, 111–12 (5th Cir. 1982).

▮ In its memorandum in support of this motion, Universal cites the summation by its trial counsel where Universal had argued the advice of counsel issue:

So the court is clear on what we are arguing: in the context and circumstances of this case, Universal had an absolute right to rely on Mr. Kroft's advice. Whether the advice was good advice or bad advice is not the issue. The issue is did Universal have a right to rely on that advice in the context of this case and the point is I think the answer is self-evident. The man was the litigation counsel for Universal and he had handled that proceeding in 1975 and 1976 and by the time the decision was taken whether he looked into those things thoroughly or he did not look into them thoroughly he knew enough to bring the lawsuit, enough to advise on the lawsuit.

As Universal recognized, this legal position was vigorously opposed by Nintendo's assertion that a "totality of the circumstances" analysis of good faith was the more appropriate standard. The case law setting forth this standard was, of course, amply cited by Nintendo at trial. *See Central Soya Company, Inc. v. George A. Humel & Co.,* 723 F.2d 1573, 1577 (Fed.Civ. 1983). *See also Rea v. Wichita Mortgage Corp.,* 747 F.2d 567, 576 (10th Cir.1984); *Securities and Exchange Commission v. Savoy Industries, Inc.,* 665 F.2d 1310, 1314 n. 28 (D.C.Cir.1981). Moreover, the totality of the circumstances standard is closely related to the basic requirement that the party asserting the good faith defense must demonstrate that its reliance was ac-

companied by a full disclosure of all facts that are relevant to the advice required. *See Securities and Exchange Commission v. Mauro Nursing Center, Inc.*, 458 F.2d 1082, 1101 (2d Cir.1972). Such a standard contemplates a good faith exchange of information and advice between client and counsel and fully comports with the realities of the relationship between sophisticated corporate officers, such as those of Universal, and their outside attorneys, such as Kroft. Finally, the totality of the circumstances approach prevents a mere pretextual assertion of good faith.

All of the relevant legal authorities on this issue were fully addressed by competent counsel at trial. Thus, Universal's claim of prejudice can be distilled down to its assertion that it had "no way" of knowing that Kroft's analysis of the legal issues and his understanding of the factual basis underlying those issues would be considered by the court as one of the relevant aspects of the totality of the circumstances and further that testimony on that subject would in all likelihood produce a different result.

■ However, Universal was well aware of the central importance of Kroft since it had interjected his alleged advice as a good faith defense and presented hearsay testimony by Hadl regarding the communications between himself and Kroft. Immediately after Universal rested its defense without calling Kroft, Nintendo explicitly requested the court to draw a negative inference from Kroft's absence, and no change of position was taken by Universal at that time. Now Universal concedes by affidavit that, after due deliberation, it chose as a tactical litigation decision to rely solely on Hadl's testimony in conjunction with the "good faith" reliance on advice of counsel defense.

Under these circumstances, Universal's request for a partial new trial must be denied, for it "appears that [plaintiffs] motion is grounded on a contention available to every defeated plaintiff—that it could not have foreseen that the district court would reject its claim without the testimony of the absent witness." *Hoyt R. Matise Co. v. Zurn*, 754 F.2d 560, 568 n. 16 (5th Cir.1985). *See also Cathedral Estates, Inc. v. Taft Realty Corp.*, 228 F.2d 85, 89 (2d Cir.1955); *General Electric Co. v. Minneapolis Honeywell Regulator Co.*, 35 F.Supp. 35, 36 (E.D.N.Y.1940). To reach such a conclusion in no way impugns Kroft's affidavit as to his advice or activities. It is not now proper to speculate as to whether such testimony would have produced a different factual finding.

Whatever interests Universal may have in reopening the trial are far outweighed by interests of justice in preserving the integrity of the trial process. In the course of this trial, Universal's witnesses were excluded from the courtroom specifically because credibility was a central element of the good faith defense. Now that Universal has received a detailed blueprint of the court's deliberation, as embodied by the July 29 opinion, it seeks to add new evidence on a critical aspect of the finding in order to overturn the judgment or perhaps to sharpen the issues to be presented on appeal. The reopening of trial would in this case result in substantial advantage for Universal and would make it impossible to obtain a fresh determination of Kroft's testimony as it relates to the totality of the circumstances. Therefore, Universal's motion for a partial new trial will be denied.

In addition, first, Kroft's knowledge and understanding of Universal's Lanham Act and unfair competition claims would not necessarily alter this court's findings regarding the motives of and statements by Universal's officials as set forth in the July 29 opinion. Although Kroft refers to a draft memorandum prepared on or about April 23, 1982, it was not sent to Hadl or anyone else at Universal, but simply discussed informally in a telephone conversation. While never finalized, the memorandum or its sequelae recognized the very serious problem to Universal with respect to the secondary meaning issue underlying its alleged Lanham Act claim. In any case, the Kroft affidavit, taken at face value,

does not establish by itself that a different result would have obtained.

■ While Universal's present motion must be denied in the interests of finality, it is not so frivolous as to justify the Rule 11 sanctions sought by Nintendo on its cross-motion. Given the serious nature of the circumstances underlying the judgment in this action and the magnitude of the award, Universal's motion has been brought in good faith.

■ Universal by its Rule 11 motion seeks attorney's fees for its defeat of Nintendo's infringement claims. Again perhaps this is done more to etch appellate issues than to provide practical relief. In any case, the motion is unavailing. There is no factual showing now available to Universal or offered at trial to satisfy the burden of establishing a lack of good faith as set forth by the authorities cited in the July 29 opinion. Not every successful defense will result in attorneys' fees, only those which establish unusual facts to demonstrate that a lack of good faith in the initiation of the claim. Nintendo established such facts in the view of the court. Universal did not.

The motions of Universal and Nintendo are denied and the judgment will not be vacated.

IT IS SO ORDERED.